4 U.S. 345
 4 Dall. 345
 1 L.Ed. 860
 Hollingsworth
v.
Fry.
 Circuit Court, Pennsylvania District.
 October Term, 1800
 
 1
 IN equity. The bill, after setting forth a variety of transactions between the parties, relative to a tract of land, mills, and mill race, in Dauphin county, states, that on the trial of a writ of partition for the premises, they consented to withdraw a juror, and entered into the following agreement, dated the 19th of November 1790:
 
 
 2
 'It is mutually agreed, that judgment shall be entered for the defendant on the day in bank, on the 3d of January next, unless the said plaintiff, or Robert Ralston, his assignee, shall previous thereto, by such good and unexceptionable securities, in such sum, and in such manner, as shall be approved of by the honourable Judges of this Court, engage for, and secure, the payment of one moiety of all monies, which the defendant hath advanced, or expended, or shall appear to be reasonably entitled to, for, or by reason of, his improvement of the lands in question, or for any matter relative thereto, or of any other lands held in common, or jointly, between the said parties, within six months from the said 3d day of January next. But, in case such unexceptionable security shall be given, and a question shall arise as to the quantum of the monies, to which the defendant shall be entitled, the John Kean, Joshua Elder, and John Carson, gentlemen, or any two of them, shall determine the said sum, on full hearing of the said parties, their witnesses, and proofs. And in case of a full conformity thereto, to, and the money being fully paid and discharged as aforesaid, within the said period of six months, and not otherwise, that then judgment shall be entered in this action, not only for the lands in the declaration mentioned, but of all lands and mills held jointly, or in common between them the said parties, by virtue of any article between them, or between them and John Fisher, made. But if the monies so due shall not be paid and discharged within the said period, the defendant shall hold the said lands free and discharged from the claims of the said plaintiff, and all persons claiming under him; and judgment shall in such case be entered for him in this action.'
 
 
 3
 It, also, appeared from the pleadings and exhibits that the bond, required by the agreement, was duly executed on the part of the plaintiff; that the referees undertook the business of the reference; and that on the 13th of April 1791, the following report was filed:
 
 
 4
 'We the referees, &c. report that, after hearing the parties, their allegations, and witnesses, and investigating their accounts and vouchers, we are of opinion, that George Fry is reasonably entitled to the sum of 3646l. 6s. 2 3/4d. specie; that being the one moiety, or half part, of his expenditures on the lands, mills, and their appurtenances, in question, after giving John Hollingsworth credit for the money by him expended on the same lands.'
 
 
 5
 It, also, appeared, that the plaintiff filed a number of exceptions, which the Supreme Court, after argument, over-ruled on the 2d of July 1791, and gave judgment on the report; and that, on the 26th of September 1796, the complainant sent his son, to tender to the defendant, the amount of the report, in his favour; which the defendant refused to accept.
 
 
 6
 Upon these general premises, the bill proceeded to complain, that the defendant had appeared in the Supreme Court, by his counsel, on the 2d of July 1791, alleging the exceptions to the report to be untrue, whereas the complainant avers that they were true; that although notice had been given to produce books and accounts, none were produced on the hearing in Court; that the conduct of the referees was improper in various particulars; that the books, accounts, and statements, laid by the defendant before the referees, were untrue and fraudulent; that the defendant suppressed several material documents, which he alone possessed; and that the value of a moiety of the property in dispute is at least 10,000l.
 
 
 7
 The bill concluded with a prayer for a perpetual injunction, against all proceedings on the judgment; for a discovery and account; for a partition of the premises; and for general relief.
 
 
 8
 To this bill, the defendant filed a plea and answer: 1st. Plea in bar, a former bill in equity, for the same cause, filed by the complainant on the 24th of April 1792; demurrer to the bill, and joinder in demurrer; and a decree, in April term 1796, pronouncing the demurrer to be sufficient, and dismissing the bill; which decree remains unreversed and in full force. 2d. Plea in bar, the judgment of the Supreme Court of Pennsylvania, (a competent tribunal) upon the agreement, reference, and report, which judgment remains still in force; with an averment that the complainant did not, within six months after making, or filing, the report, nor after the exceptions were over-ruled (which exceptions contained all the matter alleged in the bill) and the judgment rendered, pay, or offer to pay, to the defendant, the said sum of 3646l. 6s. 2 3/4d. or any part thereof. 3d. Answer, That the judgment was fairly obtained; that the defendant did not submit to the referees any books, accounts, or statements, that were untrue, or fraudulent, nor suppress any material documents; that on the 26th of September 1796, the complainant's son came to him with a bank bill; but never before that time; and that the defendant had been exposed to all intermediate expenses and casualties, &c.
 
 
 9
 A general replication was filed; and, after argument, the following opinion was delivered, Judge PETERS, declining to take a part in the decision:
 
 
 10
 PATERSON, Justice.
 
 
 11
 The great rule of interpretation, with respect to deeds and contracts, is to put such a construction upon them as will effectuate the intention of the parties, if such intention be consistent with the principles of law. In the present case, there is no difficulty in coming at the intention, as it is clearly and forcibly expressed in the agreement, and is capable of receiving one construction only. The time of payment is made a substantial, and not a mere formal, circumstance; it enters into the essence of the contract; and, therefore, must be observed. The Court cannot decree against the legal and express stipulation of the parties themselves. The situation of the parties, the nature of the property, and the speculative spirit of the project, were powerful inducements for drawing up the agreement, in the plainest and strongest terms, so as to leave no doubt as to the intention, and to render the time of performance a cardinal point.
 
 
 12
 Again, if the agreement would admit of another construction, the complainant, under the circumstances of the case, comes too late to avail himself of it. The door of equity cannot remain open for ever. The complainant did not make a tender of the money, till a lapse of five years after the termination of the time limited by the contract. So far was he from using legal diligence, that he has been guilty of gross delay. In cases of the present kind, equity will not suffer a party to lie by till the event of the experiment shall enable him to make his election with certainty of profit one way, and without loss any way. This mode of procedure is unfair; contrary to natural justice, and in exclusion of mutuality.
 
 
 13
 There is a strange mixture of legal and equitable powers, in the Courts of law of this state. This arises from the want of a distinct forum to exercise chancery jurisdiction; and, therefore, the common law Courts equities as far as possible. Whether, if relief be proper, the Supreme Court of this state could have extended it to the complainant, it is unnecessary to determine. Thus much, however, might and ought to have been done, on the part of the complainant; he ought, when notice was given for him to show cause why judgment should not be entered, to have laid the equity of the case before the judges of that Court, who, if they thought proper, might have deferred the entering of judgment, or ordered it to be entered on terms, to wit, to be vacated on payment of the awarded sum, by a limited period. But the complainant, although he had previous notice, did not avail himself of an appeal to the discretion of the Court; but suffered judgment to pass against him, without making any objection.
 
 
 14
 There being no equity in the complainant's case, his bill must be dismissed, with costs.