## JOSEPH GABLE, and others, heirs of CASPAR GABLE, *against* WILLIAM HAIN.

When a judgment in ejectment was entered by agreement of the parties, to be released on the payment of a certain sum, on or before a certain day, *time* is of the essence of the contract: and if the money be not paid on or before the day, the judgment becomes absolute and indefeasible.

The receipt of the money, by the attorney of the plaintiff, after the day stipulated for payment, without the knowledge of his client, will not prevent the plaintiff from pursuing his judgment to execution, and obtaining the possession of the land.

WRIT of error to the Common Pleas of Berks county.

The facts of this case were these: *Caspar Gable,* the father of the plaintiffs, sold a tract of land to *William Hain,* the defendant

**(Joseph Gable, and others, heirs of Casper Gable *v.* William Hain.)**

by articles of agreement: a part of the purchase money was to be paid at a future day, when *Gable* was to convey to *Hain* the land clear of incumbrances.　*Gable* died before the deed was made, or purchase money tendered.　After his death, his administrators proved the contract, and an order was made by the Common Pleas, granting them permission to make a deed to *Hain.*　After the purchase money became due, the deed was tendered to *Hain,* and the money demanded, which was not paid.　The present plaintiffs, who are the heirs at law of *Caspar Gable,* deceased, then brought this ejectment to compel the payment of the balance of the purchase money.

The cause being ordered on, and the jury sworn, the following agreement was entered into between the parties.

" It is hereby agreed that judgment be entered in the above suit in favour of the plaintiff above named, for the land and tenements in the writ and declaration mentioned, to be released and vacated on the payment of the sum of two hundred and twelve dollars and forty cents, on or before the first day of March next, together with costs of suit, otherwise said judgment to stand in full force and virtue.　Witness our hands and seal, this 16th day of January, A. D. 1829."

On the 27th of April, 1829, the two hundred and twelve dollars and forty cents, with interest from the 16th of January, 1829, and all the costs were paid to *Samuel Baird,* Esq. one of the attorneys of the plaintiffs, in the absence, and without the knowledge of his clients.

Previously to the 27th April, 1829, and after the 1st March, 1829, *Gable's* heirs considered the judgment as absolute, and had advertised the land for sale: they did sell the land on the 2d May, 1829, to *John Sohl.* After this, *Leavenworth,* who was also the attorney with *Baird,* for the plaintiffs, issued a *Habere facias possessionem* and *fieri facias* for costs; upon which the sheriff delivered the possession of the premises to the plaintiffs.　On the 8th June, 1829, a rule was granted by the court, to show cause why the *Habere facias possessionem* and *fi. fa.* for costs, should not be set aside; which was subsequently made absolute, and restitution was awarded to the defendant.　Whereupon this writ of error was sued out, and the opinion of the court setting aside the *Habere facias possessionem* and *fieri facias* for costs, and awarding restitution to the defendant, was assigned as error.

*Baird,* for plaintiff in error.—Two questions are involved. 1st. The construction of the agreement as to the materiality of time. 2d. The validity of the acts of counsel, under the circumstances of this case.

The intention of the parties to the agreement seems manifest. Upon the trial of the cause, the defendant had it in his power to

(Joseph Gable, and others, heirs of Casper Gable, *v.* William Hain.)

defeat the recovery of the plaintiff, by the payment of the balance of purchase money due, interest and costs, but which he was either unable or unwilling to do; and the plaintiffs are about to realize their rights by a verdict and judgment, when a *compromise as to time,* takes place, by which it is agreed between the parties, that if the money is not paid *on or before the 1st of March,* the judgment then entered should stand in full force and virtue. There was nothing but time to compromise, and after 'it elapsed, the title of the plaintiff became absolute. *Hollingsworth* v. *Fry,* 4 *Dal.* 345. It was a trick upon the counsel of the plaintiffs, practised after the defendant knew that the plaintiffs considered their title as revested.

The plaintiffs title, then, having become absolute, their attorney, who was employed only to prosecute their suit to judgment, had no power to part with that title, without his clients express consent. *Huston* v. *Mitchell,* 14 *Serg. & Rawle,* 307. 7 *Cranch,* 452.

*Deckert,* for defendant in error.—Time, in equity, is not of the essence of a contract. *Amer. Chan. Dig.* 3 *Bibb,* 366. And the object of the action being to compel the payment of the balance of the purchase money, the attorney was *ex officio* authorized to receive it, whereby the terms of the contract were complied with.

The opinion of the court was delivered by

Rogers, J.—We think it clear, that time was of the essence of the contract; for it would be an unreasonable construction of the agreement, that the defendant should have an indefinite period of time for the payment of the money. To avoid this uncertainty, seems to have been the object of the compromise. The parties themselves, have fixed a reasonable time for payment of the purchase money, which it was the object of the suit to enforce. And this it would have been competent for the jury to do, and is an ordinary operation of a court of chancery, on a bill of foreclosure. In *Hollingsworth* v. *Fry,* 4 *Dall.* 345, a case not stronger than the present, the time of payment was made a substantial, and not a mere formal circumstance. It was there decided, that when time enters into the essence of a contract, it must be observed. In sales by private agreement, it is usual to fix a time for completing a contract, which at law is deemed of the essence of the contract. But in certain cases equity will carry the agreement into execution, notwithstanding the time appointed be elapsed. But this depends upon the peculiar circumstances of the case, and is never done, when it is contrary to the manifest intention of the contracting parties. When time is made material, it is as binding on a court of equity, as a court of law. If this be the correct construction of the agreement; on the first of March, 1820, *Gable* became re-vested with the absolute title to the land; and a title thus acquired, cannot be divested, except by some act or agreement, on some express authority from the principal. If the plaintiff had accepted the

(Joseph Gable, and others, heirs of Casper Gable, *v.* William Hain.)

money after the stipulated time, it would have amounted to a waiver; not so with respect to its receipt by the attorney, whose power only extended to issuing a *habere facias*, to obtain the fruits of the judgment. Although the power of an attorney at law, is more extensive in Pennsylvania, than in England, yet he cannot, without express authority from his principal, convert his clients money into land, or *vice versa*, as was decided in *Huston* v. *Mitchell*, 14 *Serg. & Rawle*, 307. An attorney at law is authorised to do those things, which pertain to the conducting a suit, but has no power to make a compromise, by which land is to be taken, instead of money.

Opinion of the court reversed, and re-restitution awarded to the plaintiffs.