# Treaster *against* Fleisher.

To give effect to two verdicts and judgments in ejectments as a bar to another, it is necessary not only that they should have been for the same land, and between the same parties or those claiming under them, but that they should have been upon the same title.

Upon a verdict and judgment in ejectment by a vendor against a vendee, to compel the payment of the purchase money and a conditional verdict and judgment, after the time for the performance of the condition has passed and the plaintiff has taken possession by an execution, he again becomes the absolute owner.

A judgment on a mortgage rendered in a county where the land does not lie, cannot be given in evidence to support a title predicated upon it.

ERROR to the Common Pleas of *Centre* county.

George Treaster against Peter Fleisher.   This was an action of ejectment for 200 acres of land.   The plaintiff claimed under a warrant dated the 17th October 1831, regularly executed and returned; the defendant, under a warrant dated 30th July 1794, also regularly executed and returned, but it was a matter of fact tried in the cause, whether the defendant's warrant covered the land in dispute.   In order to make out the defendant's chain of title, he offered in evidence a mortgage of Robert Morris to Jeremiah Parker, dated 21st May 1796, entered in Mifflin county before Centre was taken from it, but sued in 1804, after the division of the county in Mifflin, a judgment obtained upon it, and a sale of the land.   This evidence was objected to because of its not having been a proceeding in the county where the land lies; but the court overruled the objection and sealed a bill of exception.   It also appeared in evidence that on the 21st February 1833, William Parker, under whom the present defendant, Peter Fleisher, claims, sold the land in dispute to the present plaintiff, George Treaster, and put him in possession; that to August term

VII. — 18  M *

1833 he brought an action of ejectment against him to compel the payment of the purchase money, which was tried and a verdict and judgment rendered for the plaintiff " to be released on the payment of $805.87 within twenty days, and the balance, $300, on or before the 1st of April next." The defendant not having paid according to the condition, the plaintiff took out execution and went into the possession of the land. Subsequently George Treaster brought an ejectment against William Parker for the same land, and founded his claim upon the same warrant, survey and title which he gave in evidence in the present trial, and there was a verdict and judgment against him. On the point raised by these facts the court instructed the jury that if they believed that the land, in respect to which the two verdicts and judgments had already passed against the plaintiff, George Treaster, was the same as that for which the present suit was brought, they were a bar to the plaintiff's recovery, and their verdict should be for the defendant.

The admission of the evidence and this instruction of the court were the subjects of the errors assigned.

*I. T. Hale* and *Miles*, for plaintiff in error, on the subject of the conclusiveness of two verdicts and judgments, cited 1 *Watts* 344; 10 *Watts* 222; 2 *Watts* 478.

*M'Allister* and *Blanchard*, contra, cited, on the same subject, 9 *Watts* 496; 5 *Watts* 348; *Pamph. Laws* 1841, 446; 2 *Watts* 428.

The opinion of the Court was delivered by

GIBSON, C. J.—On one point the direction was clearly wrong. Parker, under whom the defendant claims, had sold the land to the plaintiff, owning then, as now, an adverse title, and had recovered a conditional verdict and judgment in an action of ejectment brought to enforce payment of the purchase money. It was not paid at the day appointed by the verdict, and Parker regained the possession by an execution. The plaintiff, in turn, brought an action of ejectment on his adverse title, and failed; and on these facts the Judge charged in this second ejectment, on. the same title, that it was barred by two verdicts and judgments, provided the land in contest were the same: he should have added, provided the *title* in contest also were the same. But it was not; and he was bound to say so. The statute does not expressly say that the verdicts and judgments must be on the same title; but it was so said in *Mercer* v. *Watson*, (1 *Watts* 344), and the principle is, besides, so plain that an authority for it would not be given were it not at hand ; for it certainly could not have been intended that a title should be barred by adjudication without having been adjudicated. Now the title on which the plaintiff relies could not have been set up in the ejectment for the

purchase money; for he would not have been suffered to keep the land and retain the price of it.   For the reason that a tenant may not contest the title of a landlord from whom he obtained the possession, the plaintiff would have been bound to restore his vendor to the situation in which he had found him.   He was compelled to do so; and the question results, is he precluded by the extinct relation of vendor and vendee from setting up a title inconsistent with it?   If he is not, it cannot be said that the two verdicts were on the same title, or that the plaintiff's title cannot be set up in this action.

By the rescision of a contract, the parties are remitted to their rights and capacities as they stood originally.   For this reason it is, that a tenant who has voluntarily or compulsively given back the possession, may contest his landlord's title, though he had, at one time, acknowledged and held under it.   An owner may get in as many antagonist claims as he thinks fit, without confessing the inferiority of the title he means to fortify by it; and when one of them is given or taken back for non-payment of the price of it, the purchaser's previous title stands, in relation to it, as it did before the bargain.   The question then comes to this; was the rescision of the purchase complete by the failure to pay at the day appointed in the verdict?   In *Youst* v. *Martin*, (3 *Serg. & Rawle* 423), it was ruled that a recovery in an ejectment brought to enforce the payment of purchase money, does not necessarily work a dissolution of the contract; but that the effect of it depends on subsequent lapse of time, backwardness, and all those circumstances of laches which would induce a chancellor to withhold his assistance on the ground of abandonment.   Since then, conditional verdicts have been brought into use by the inconvenience of leaving the question of rescision an open one; by which the circumstances necessary to determine it with certainty are settled beforehand.   The purchaser is to be relieved from the operation of the judgment on performance of a condition of which time is an essential part; and if he be found in default at the day, no more is to be done for him; he goes out of possession, and the vendor becomes again the absolute owner.   By the present plaintiff's failure to pay at the time appointed in the verdict, the contract of purchase ceased to bind the rights of either party in any respect.   The result is, that the title on which he now relies, having first come up for adjudication in the action of ejectment brought by him when he was turned out, is not bound by two verdicts and judgments directly upon it; and that it is consequently not barred by the statute.

An error is found in another part of the record, which it is not material to consider.   To deduce to himself the title by which the defendant claims, he was allowed to give in evidence a sheriff's deed under a judgment on a mortgage, which was rendered in a county where the land did not lie; and that such a deed vests no

[Treaster v. Fleisher.]

title, even where part of the land is in the proper county, was determined in *Menges* v. *Oyster,* (4 *Watts & Serg.* 20). But the error was inoperative, as it was equally effectual for the defendant to show that the title was in a third person. We would not, therefore, reverse for that. Of the same stamp are the minor exceptions, constituting what Mr Justice BRACKENRIDGE used to call the small beer of the cause; in respect to which we are bound to say no more than that they are unfounded. But there is nothing in the way of giving effect to the plaintiff's title for what it is worth; *valeat quantum valere potest.*

Judgment reversed, and *venire de novo* awarded.