## Chew *versus* Phillippi.

32  205
127  72

In an ejectment to enforce the payment of purchase-money, wherein the defendant confesses judgment in favour of the plaintiff, to be released on payment of a certain sum, on or before a stipulated day, time is of the essence of the contract; and if the money be not paid on or before the day, the judgment becomes absolute and indefeasible.

It is the purpose of such ejectment to foreclose the defendant's equity; and if the money be not paid at the time appointed, he has no longer any interest in the land.

The Act 21st April 1846 was only declaratory of the existing law upon this subject.

ERROR to the Common Pleas of *Somerset county.*

This was an ejectment by Henry B. Chew, administrator of Benjamin Chew, deceased, against John Phillippi, for a tract of 293¼ acres of land, in Upper Turkeyfoot township, Somerset county.

On the 5th April 1848, Henry B. Chew, the plaintiff, as administrator of Benjamin Chew, deceased, contracted by articles of agreement to sell the tract in question to John Phillippi, the defendant, for $1500, on the following terms: $375 to be paid in hand; and the balance in four equal annual instalments of $281.25; a deed to be made whenever the whole of the purchase-money was paid.

The defendant not having ·complied with the terms of the contract, this ejectment was brought, on the 13th October 1855, to enforce payment of the balance of the purchase-money. And on the 26th August 1857, the defendant confessed a judgment in favour of the plaintiff, to be released on the payment by him to the said plaintiff of $322.04, on or before the 1st February 1858.

On the 3d February 1858, the money not having been paid by the defendant, the plaintiff moved for leave to issue a writ of *habere facias possessionem.* The hearing of this motion was postponed until the 23d, on which day, the defendant paid into court the $322.04, with interest and costs; whereupon, the court refused the plaintiff's motion, and directed the deed, which had been filed by the plaintiff during the pendency of the cause, to be delivered to the defendant; which was here assigned for error.

*Forward* and *Gaither,* for the plaintiff in error.—The Act 21st April 1846 was only declaratory of the law as established by this court: Hollingsworth *v.* Fry, 4 *Dall.* 345; Gable's Heirs *v.* Hain, 1 *Penn. R.* 264; Treaster *v.* Fleisher, 7 *W. & S.* 137; Hewitt *v.* Huling, 1 *Jones* 27. And, the defendant having failed to pay on the day, the plaintiff was entitled to his writ of *habere facias possessionem:* Coughanour *v.* Bloodgood, 3 *Casey* 287.

*Coffroth* and *Colborn,* for the defendant in error.—Our courts

[Chew *v.* Phillippi.]

have equity jurisdiction, and have authority to interfere and protect the oppressed from the oppressor.   In this case a farm worth five thousand dollars, is to be taken for the payment of $322.04. In such a case it is the duty of a judge, dealing equity to suitors, to see that he who demands it should first perform that which the law requires from him.   At the time of the hearing of the application for the writ of possession, the money was tendered by the defendant, and, being refused, the court ordered the deed to be delivered to him.   Here this case should have stopped—the plaintiff was tendered the amount due him, and ought to be satisfied. Certainly any honest man would.   They cited Creigh *v.* Shatto, 9 *W. & S.* 82; Hauberger *v.* Root, 5 *Barr* 112.

The opinion of the court was delivered by

STRONG, J.—The case of the defendant in error is apparently a hard one, but it is not in our power to relieve him.   An ejectment was brought against him by the plaintiff to compel the payment of purchase-money.   On the 26th of August 1857 he confessed a judgment in his favour, to be released on the payment of $322.04, on or before the 1st of February 1858.   He suffered his day of grace to pass unimproved, and made no offer to pay the money until the 23d day of February 1858, when it was tendered and refused.   The tender came too late.   In the confession of judgment, time was made of essence to the continuance of his equitable title, and, on failure to pay within the period limited, all his equity was gone.   It was the purpose of the ejectment and of the judgment to foreclose his equity, and the purpose would fail of accomplishment, if any equity remained in the defendant after February 1st 1858, without the payment of the ascertained unpaid purchase-money.   It is true, that in equity time is often not essential, but even a chancellor will not relieve against a decree in which time is made *essential.*   Upon this subject the course of judicial decision in this state has been uniform. So long ago as the year 1800, in the Circuit Court of the United States for Pennsylvania, it was determined that when, in a contract, time is made a substantial and not a mere formal circumstance, it enters into the essence of the contract, and therefore must be observed.   The court, it was said, cannot decree against the legal and express stipulation of the parties themselves: Hollingsworth *v.* Fry, 4 *Dall.* 345.   This was ruled in regard to a contract.   A judicial decision is even less within the reach of equitable interference.   In Gable *v.* Hain, 1 *Penn. R.* 264, it was ruled, that where a judgment in ejectment was entered by agreement of the parties, to be released on the payment of a certain sum, on or before a stipulated day, time is essential, and if the money be not paid on or before the day, the judgment becomes absolute and indefeasible.   Even more, it was held, that

[Chew v. Phillippi.]

the receipt of the money, by the attorney of the plaintiff, after the day stipulated for payment, is not sufficient to bar the plaintiff's right to execution. This is beyond what is claimed by the plaintiff in this case. Again, in Treaster v. Fleisher, 7 *W. & S.* 137, where a verdict and judgment had been rendered in ejectment, to be released on the payment of a sum of money within a designated period, Chief Justice GIBSON said: "The purchaser is to be relieved from the operation of the judgment, on performance of a condition of which time is an essential part; and if he be found in default *at the day*, no more is to be done for him; he goes out of possession, and the vendor becomes again the absolute owner. The same doctrine is asserted in Hewitt v. Huling, 1 *Jones* 27, and it finds its analogy in every foreclosure of a mortgage. It is also made written law by the Act of Assembly passed April 21st, 1846. That statute enacts that "in all actions of ejectment, hereafter tried, to enforce the payment of purchase-money, wherein time becomes of essence in the finding of the jury, *or in a judgment by confession*, by fixing a time for such payment, one verdict and judgment thereon unreversed, or a judgment in such case by confession, shall be conclusive between the parties; and a failure to pay the money within the time so fixed, shall be deemed a rescission of the contract between the parties, and shall render such judgment absolute." If the contract be rescinded, neither in law nor in equity has the defendant any standing in court.

There is no force in the argument of the defendant in error, that the judgment was not for the land described in the writ. The issue between the parties was formed by the assertion and denial that the right of possession of the described tract of land was in the plaintiff, and not in the defendant. A judgment in favour of the plaintiff was, therefore, an adjudication that his was the right of possession. The record is conclusive that a deed was filed.

However unpleasant the duty may be, what we have said proves it to be our duty, to rule that the defendant has no longer any interest in the land. The court below, therefore, erred in directing the deed of the plaintiff to be delivered to the defendant, and in refusing to the plaintiff a writ of *habere facias possessionem*.

Order of the Court of Common Pleas, directing the deed to be delivered to the defendant, reversed, and the record remitted, with directions to allow a writ of *habere facias possessionem*.