## T. W. WETHERALD v. S. J. VAN STAVOREN.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADEL-
PHIA COUNTY.

Argued April 4, 1889—Decided April 15, 1889.

(*a*) A referee appointed to distribute a fund produced by a sheriff's sale,
decided that the judgment under which the sale was made, being a
judgment in favor of a trustee for the defendant's wife and others, was
not fraudulent, and awarded the fund to the plaintiff in that judgment.

(*b*) A contesting judgment creditor afterward issued an execution attach-
ment and summoned the trustee in the judgment referred to as gar-
nishee, who pleaded nulla bona, and by agreement of the attaching
creditor, the garnishee and his cestuis que trust, this proceeding was
referred to a referee.

1. In the latter reference, the parties and the subject matter being the
same as in the former, the question involved as to the validity of the
garnishee's judgment on which the fund in his hands was realized was
res adjudicata, the referee was concluded thereby, and properly entered
judgment for the garnishee.

Before STERRETT, GREEN, WILLIAMS, McCOLLUM and
MITCHELL, JJ.

No. 194 January Term 1889, Sup. Ct.; court below, No.
543 September Term 1884, C. P. No. 3.

On November 1, 1884, Thomas W. Wetherald began an
action by an attachment under the act of 1869 against David
D. Shupe and on December 1, 1884, obtained a judgment
against the defendant for $7,802.99. Before the judgment was
obtained, however, Shupe confessed a judgment for $3,763.88
to Samuel J. Van Stavoren, in trust for various persons, among
others, Emma J. Shupe, the wife of Mr. Shupe, and William
A. Gorby. The same day this judgment was confessed, Mr.
Shupe also assigned to Van Stavoren, in trust for the same
persons, his interest in the Shupe & Noble Furniture Co., Lim-
ited, of which he was a member.

After various proceedings upon the foregoing judgments,
on October 8, 1885, Wetherald issued an execution attach-
ment upon his judgment against Shupe, summoning Van

Stavoren as garnishee. The garnishee pleaded nulla bona, and on December 19, 1887, by agreement of the plaintiff, the garnishee, Mrs. Shupe and William A. Gorby, the proceedings upon this attachment were referred to *Mr. George T. Bispham*, as referee under the act of May 14, 1874, P. L. 166, whose report showing the facts and questions arising thereon was as follows:

On 17th February, 1880, in the Court of Common Pleas of Belmont county, Ohio, the plaintiff obtained a verdict against the defendant Shupe, on which judgment was subsequently entered, and in an action upon that judgment brought in the Court of Common Pleas No. 3 of this county, the plaintiff, in December, 1884, obtained the judgment upon which this attachment execution was issued.

The action in this court upon the Ohio judgment was an attachment under the act of 1869. Ten days before the judgment in the said action in this court was obtained, to wit, on November 20, 1884, the defendant Shupe gave a judgment note for $3,763.88 to Samuel J. Van Stavoren, the garnishee in this attachment execution, as trustee for the wife of Shupe, as to $3,220.73 thereof, and for certain other persons, viz.: W. A. Gorby, as to $198.87, and the Shupe & Noble Furniture Company, Limited, as to $344.28, and upon this note judgment was entered on November 25, 1884. On the same day upon which Shupe confessed the said judgment to Van Stavoren, he assigned all his right, title, and interest in the Shupe & Noble Furniture Company, Limited, of which he was a member, to the said Van Stavoren as trustee for the same cestuis que trust as above.

Subsequently Van Stavoren issued execution upon the said confessed judgment, and levied upon Shupe's interest in the Shupe & Noble Furniture Company, Limited, and afterwards Wetherald issued an execution upon his judgment, and levied upon the same interest. J. Alexander Simpson, Jr., Esq., was the attorney on the Van Stavoren writ. A sheriff's sale under this levy was had, and just before the sale took place Mr. Simpson notified all persons present "that Shupe's interest in the property now being sold had been assigned before either execution issued, and that no title would pass by the sale."

### Referee's Report.

The sheriff, by direction of Van Stavoren's attorney, Mr. Simpson, went on with the sale, and the property was bought by Wetherald for $1,850, which was duly paid to the sheriff. The fund thus realized was referred to E. Hunn Hanson, Esq., for distribution, and was by him awarded to Van Stavoren, as plaintiff in the confessed judgment aforesaid; and in pursuance of that award the fund was duly paid to Mr. Simpson, as attorney for Van Stavoren, trustee.

Mr. Hanson first reported that the confessed judgment to Van Stavoren was fraudulent and void as against Wetherald, a creditor of Shupe, because it had been confessed with an intent on Shupe's part to delay and defraud Wetherald, and because it included an alleged indebtedness of $1,566.88 to Shupe's wife, which had no real existence. Mr. Hanson was therefore of opinion that the judgment was fraudulent and void as a whole. In a supplemental report, however, he explained that his finding had been based on the supposition that in the reference to him it had been agreed that he should pass upon the validity of the Van Stavoren judgment. His attention was subsequently called to the fact that the reference to him was simply to distribute the fund. He therefore reconsidered his previous finding, and found that the fund should be paid to the Van Stavoren judgment, inasmuch as that judgment was first in time, and inasmuch, also, as there was no evidence that there was any collusive fraud; and that it was only for such fraud that a prior judgment could be held fraudulent and void as against subsequent judgment creditors. He therefore awarded the fund to the prior judgment.

On October 8, 1885, this attachment upon Wetherald's judgment was issued.

On May 7, 1886, a plea of nulla bona was filed by the garnishee.

On May 14, 1886, the fund awarded by Mr. Hanson was paid to Van Stavoren, trustee.

The question whether the fund was liable to the attachment was referred to me by agreement of the parties under the act of 1874.

In addition to the facts above stated I also find the following:

The judgment aforesaid, confessed by Shupe to Van Stavoren, was given by Shupe with the distinct intent to cheat

and delay Wetherald, the plaintiff in this attachment, who was at the time of said confession a creditor of Shupe. The said judgment was, as to $1,566.88 thereof, wholly without consideration, and, so far as that portion of the said judgment was concerned, was an attempt by Shupe to make to his wife a voluntary conveyance of his property, with the deliberate intent to defraud Wetherald, and prevent Wetherald from collecting a judgment which had been duly obtained.

Van Stavoren, at the time of the confession of the judgment to him, knew of the outstanding attachment issued by Wetherald under the act of 1869 against Shupe, and might, by inquiry, have learned the fraudulent intent with which the judgment to himself was confessed, but he made no inquiry.

At the time of the confession of judgment to Van Stavoren Mr. Simpson was the counsel for the plaintiff in the judgment, counsel for defendant, and counsel for defendant's wife.

Upon the above facts, the following questions of law arise:

1. Was the judgment confessed by Shupe to Van Stavoren fraudulent and void as against Wetherald, the plaintiff in this attachment?

2. Was the fund in Van Stavoren's hands subject to this attachment, it having come into the hands of the garnishee after a plea of nulla bona had been filed?

In my opinion the judgment confessed by Shupe to Van Stavoren was fraudulent and void upon the facts as found and heretofore set forth, as against Wetherald, the plaintiff in this attachment. It is also my opinion that the fund in Van Stavoren's hands would have been liable to this attachment notwithstanding the fact that it was paid to the garnishee after the plea of nulla bona had been filed. Upon the whole case, as presented to me, I should therefore find for the plaintiff, had not the question been already settled adversely to him by the ruling of the former referee. But the finding of Mr. Hanson upon the facts and the law in the matter before him is, in my opinion, conclusive against the plaintiff upon the present contention.

If the confessed judgment is fraudulent and void as against Wetherald, so as to entitle him in the present proceeding to have the amount collected under it paid to him, it must have been likewise fraudulent as against Wetherald in the proceed-

ing before Mr. Hanson.    Mr. Hanson's finding therefore, that there was not such fraud in the transaction as would justify him in disturbing the priority of the Van Stavoren judgment, is conclusive against the position taken by Wetherald in the proceeding before me.    The parties are the same, and the question is the same, and the ruling of the former referee therefore settles that question.

Woods v. White, 97 Pa. 227, cited by the plaintiff's counsel, seems to me to be inapplicable, for there the question in controversy was never properly before the auditor.    He never had jurisdiction; and it was for that reason that his finding was held not to be conclusive in another proceeding.

Upon the ground, therefore, that the finding of the former referee is conclusive, I find for the garnishee.

I am asked by the plaintiff to rule upon the following points:

1. If the referee should find that the judgment given to Van Stavoren, trustee, is fraudulent in part and given in any part for a dishonest alleged indebtedness, with the intent to hinder, delay, and defraud Wetherald, in that event the whole judgment is fraudulent and void; and if the said Van Stavoren has collected money under it, the finding should be for the plaintiff: Gates v. Johnston, 3 Pa. 52; Bredin v. Bredin, 3 Pa. 81; Numan v. Kapp, 5 Binn. 73; Meckley's App., 102 Pa. 536.

Answer: I affirm this as an abstract proposition of law; but it is inapplicable to the present case, owing to the conclusive effect of the finding of the former referee.

2. When a judgment is taken in the name of a trustee for the wife against the husband, it is necessary for the wife, in a contest with the creditors of the husband, as in this case, to establish that the judgment was taken bona fide to secure a debt of the wife from the husband from moneys of the separate estate of the wife.    In the absence of such proof the judgment should be regarded fraudulent and void as against such creditors: Wilson v. Silkman, 97 Pa. 509; Gamber v. Gamber, 18 Pa. 366; Leinbach v. Templin, 105 Pa. 527.

Answer: I affirm this as an abstract proposition of law.

3. If from all the evidence in the case, the referee should find that this judgment to Van Stavoren, trustee, was given by Shupe to defraud Wetherald, and that it was a fraudulent

judgment in any part, and if the referee find that Van Sta-
voren has collected money as plaintiff in said judgment (and
by virtue of an execution issued on said judgment) at the time
the attachment execution issued in the suit of Wetherald v.
Shupe was binding on him, then your finding should be for
the plaintiff.

Answer: I decline this point as stated.

4. The referee must find what goods, moneys, or effects of
the defendant Shupe, if any, were in the hands of the gar-
nishee at the time the attachment was executed, or afterwards,
and also the value thereof. If he finds that Van Stavoren re-
ceived the money from Mr. Hanson, referee, then the attach-
ment was binding on Van Stavoren: and if he finds that Van
Stavoren's judgment was a fraud as to Wetherald, then his
finding should be for the amount of money received by Van
Stavoren, with interest on that amount from the time he re-
ceived it.

Answer: I affirm this point.

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

I am asked by the defendant to decide, as matter of law, as
follows:

1. That the decision of the referee in the case of Van Stavo-
ren v. Shupe, C. P. 4 September Term 1884, No. 312, being
unappealed from and unreversed, is conclusive in this proceed-
ing, and the decision must be for the garnishee.

Answer: I affirm this point.[6]

2. That the only sum claimed in this case being that awarded
by the referee to the garnishee, and the decision of the ref-
eree, after a hearing of both plaintiff and garnishee herein, be-
ing adverse to the plaintiff on the question of collusive fraud,
and in favor of the garnishee; and that decision being unap-
pealed from, and unreversed, the decision in this case must be
for the garnishee.

Answer: I affirm this point.[7]

5. Under all the evidence in the case the decision must be
for the garnishee.

Answer: I affirm this point, because, under the finding of
the former referee, I feel myself bound to find for the gar-
nishee, on the ground that said former finding settles the ques-
tion now before me.[8]

Exceptions to the report of the referee having been dismissed and judgment entered, the plaintiff took this writ assigning as error, inter alia:

2. That the referee found for the defendant, garnishee, and not for the plaintiff, as a conclusion of law.

3. That, although the referee found as a fact that the judgment was collusive, fraudulent, and void as against Mr. Wetherald, he still found for the garnishee, the defendant in this suit, who was the plaintiff in the fraudulent judgment, and did not find that said Van Stavoren as garnishee, being the plaintiff in the fraudulent judgment, thereby became a trustee for the interest intended to be defrauded, and hence, being such trustee for the interest intended to be defrauded, would become liable to the attachment in this case.

4. That the referee found as a conclusion of law that the proceeding before Mr. Hanson was binding upon the plaintiff in this case, when he, at the same time, found that the question before Mr. Hanson was not one as to a direct attack upon the judgment, but was simply a question of distribution.

5. That the referee found that if the judgment was fraudulent and void as against Mr. Wetherald, so as to entitle him in the present proceeding to have the amount collected under it paid to him, it must have been likewise fraudulent against Mr. Wetherald in the proceeding before Mr. Hanson.

6–8. The answers to defendant's points.[6 to 8]

9, 10. That the court entered judgment for the garnishee and not for the plaintiff.

*Mr. Lewin W. Barringer*, for plaintiff in error.

*Mr. Alexander Simpson, Jr.*, for defendant in error.

PER CURIAM:

One of the questions necessarily involved in this submission was whether the judgment against Shupe, in favor of the defendant garnishee, was collusive and fraudulent as to the plaintiff in this case. On behalf of the garnishee, it was contended that the same question arose in the distribution of the fund raised by the sheriff's sale of property sold upon his judgment, and was conclusively settled by the decree in that case. The

learned referee rightly held, as matter of law, that the question was involved in that proceeding, and having been passed upon, it became res adjudicata. The judgment in favor of the garnishee defendant was the logical result of that conclusion of law. It is unnecessary to notice other questions that were considered and disposed of by the referee.

Judgment affirmed.