392

## Harris v. Harris et ux.

*John W. Mentzer*, for plaintiff.
*Swiles Hines*, for defendants.

SHEELY, P. J., June 9, 1936.—This is an action of ejectment brought by Jefferson Harris to recover possession of a tract of land in Fulton County from the defendants, James J. Harris and Nellie Harris, his wife. The action was tried before the Honorable Donald P. McPherson and a jury, and at the close of the testimony the court directed a verdict for the defendants. The plaintiff then moved for judgment n. o. v. and for a new trial, and it is with these motions that we are now concerned.

The plaintiff has filed a number of reasons in support of the motions, the first of importance being that the court erred in directing a verdict in favor of the defendants. We will consider this point first because if the court was correct in giving that direction it is unnecessary to consider the other points raised on these motions.

The plaintiff had instituted a previous action of ejectment against these same defendants to no. 45, June term, 1930, seeking to recover possession of the same tract of land which is in controversy in this suit. That case was tried before the court without a jury and, after hearing all the evidence, the court entered a judgment in favor of the defendants. No appeal was taken from the judgment.

The plaintiff's claim in the first action, no. 45, June term, 1930, was based upon a deed from the County Treasurer of Fulton County dated June 9, 1924, conveying to the plaintiff the "Krichbaum Tract", which had been sold as unseated land for nonpayment of taxes. The second action, no. 23, October term, 1933, is based upon the claim of the plaintiff that he acquired title to the tract of land in question by a deed from the County Treasurer of Fulton County dated June 9, 1924, under which there was conveyed to him the "John Fix Tract", sold as unseated land for nonpayment of taxes.

The original findings of fact and conclusions of law in the first case are missing from the files, but we understand that the court found that the plaintiff was estopped from asserting his right to possession of the land against the defendants because the plaintiff had knowingly permitted the defendants to enter upon and improve the premises without asserting his title or making his claim known to the defendants.

In the second case the court instructed the jury that "as a matter of law we conclude that the estoppel which resulted from these findings of fact which the court found heretofore to exist would be effective as against the plaintiff as to that particular piece of land to prevent him from suing for it; not under that particular title, but any title

that the plaintiff may have had in his possession at any time, and that estoppel is effective both as to the purchase of the property by Jefferson Harris under the Creechbaum (Krichbaum) assessment and under the Fix-Summers assessment, he having the title at that time. And especially for that reason we feel that that was an adjudication of those rights at that time, as between those parties, of the same subject matter, and therefore is res adjudicata between those matters, and the plaintiff has no cause against the defendant in this action."

The plaintiff attacks this ruling on several scores:

1. There was no estoppel in the first case because the defendants had sufficient notice of the plaintiff's title by reason of the entry in the treasurer's unseated land book showing the sale to the plaintiff.

2. The ruling in the first case was erroneous because one who has a record title is not estopped from setting up a claim to land because he has allowed another to make improvements thereon, unless he has encouraged that other person to build or to believe his own title good.

3. The ruling in the first case was erroneous because to allow a defense of estoppel would be to create a new method of transferring title without any written evidence of it or any way of obtaining written evidence of such title.

4. The ruling in the first case was erroneous because the evidence of lack of notice to the defendants was not sufficiently clear and definite to establish the estoppel as a matter of law.

5. The question of res adjudicata was previously raised in this case and was decided against the defendants.

6. Even if the plaintiff was estopped in the first case, the estoppel would not be binding in this case because the plaintiff was then suing under the Krichbaum title and in this case is suing under the Fix-Summers title, so that the adjudication in the first case was merely that the plaintiff had failed to notify the defendants of his claim under the Krichbaum title.

7. Even if the plaintiff were estopped in the first case, the estoppel would not be effective in this case because the improvements erected by the defendants have since been destroyed by fire, so that the defendants would not now be damaged if the plaintiff were allowed to asert his title.

The first four assignments raised the question of the correctness of the findings of fact and conclusions of law and the resulting judgment in the first case between these parties. The final order directing the entry of the judgment in that case was entered on February 13, 1932, and no appeal was taken from that order. The correctness of those findings of fact and conclusions of law, and the sufficiency of the evidence to support the findings, as between these parties, therefore, are not now open to question: Marsteller, Exec., v. Marsteller, 132 Pa. 517, 523 (1890).

It might be said, however, in passing, that the effect of an estoppel to assert title is not to transfer that title to the other party, but simply to bar the person estopped from asserting his title.

The fifth proposition to the effect that the question of res adjudicata was previously raised in this case and decided against the defendants is not supported by the record.

The defendants filed a motion for judgment on the pleadings, alleging, inter alia, that the tract of land sued for in this case is the same tract of land which was the subject matter of the action entered to no. 45, June term, 1930. This motion was overruled, and the rule for judgment discharged, on the ground that under the act of assembly judgment on the pleadings is available only if justified on the facts admitted by the pleadings, and that facts which must be proven are not available to sustain such a judgment, and that here the essential facts were not admitted. The court did not decide that the former judgment was not res adjudicata but specifically left that question open for decision after hearing the evidence.

In the sixth proposition the plaintiff takes the position that the finding of the court in the first case was limited to the "Krichbaum title", and that since he is here suing under a different title, and therefore a different cause of action, that finding is not binding upon him.

The plaintiff's right to bring a second action of ejectment for the same tract of land, even under a different title than that asserted in the first action, when such title was in his possession at the time the first action was instituted and tried, might seriously be doubted. In view of the conclusion which we have reached in this case, however, it is not necessary to consider this point. See Hentig v. Redden, 46 Kan. 231; Treaster v. Fleisher, 7 W. & S. 137.

We feel that the plaintiff is placing too narrow a construction on the finding of facts in the first case. That finding was that the plaintiff had stood by and permitted the defendants to erect improvements on the land, and had given no notice to the defendants of any claims of title that he had to that land, and that therefore he was estopped to claim any title as against the defendants. The finding was not limited to a failure to assert his claim under the Krichbaum title, as now contended by the plaintiff.

It is a general rule of law that what has been once judicially determined shall not again be made the subject of litigation and that this rule extends to every question in the proceeding which was legal and cognizable: City of Lancaster, to use, et al., v. Frescoln et al., 192 Pa. 452, 457 (1899) ; Neafie's Estate, 245 Pa. 576 (1914).

As stated by the court in Marsteller, Exec., v. Marsteller, 132 Pa. 517, 523 (1890) :

"The well-nigh universal rule is, that the judgment of a court of competent jurisdiction, whether it be a court of record or not, upon a point litigated between the parties, is conclusive in all subsequent controversies directly involving the same question. . . . It is quite enough that

the question in controversy was submitted to a judicial officer, to be determined in a judicial way; that the parties and their proofs were heard, and their rights settled by a judicial determination."

In the second paragraph of the defendants' amended answer in the first action it is alleged that "since his ownership of it has improved it and spent thereon a considerable sum of money, all of which was known to the plaintiff, who was then in possession of the treasurer's deed as set forth in plaintiff's abstract of title, but which was unrecorded; the plaintiff permitted said defendants to make such improvements and expend said money without protest and without notice that the plaintiff claimed title to said land; and by reason thereof the plaintiff is estopped from any proceeding for the recovery of the land now in the possession of the defendants." In the second paragraph of the defendants' answer in the second action the defendants make the same allegation in exactly the same language.

The question of the estoppel was therefore directly in controversy, and was determined in a judicial way, and the determination thereof was binding upon the parties. The correct rule is stated in 34 C. J. 874, §1283, as follows:

"If the subsequent suit is upon a different cause of action, but is between the parties or privies to a former action, the former judgment is not, as such, a bar to the maintenance of the second action, but it will be conclusive and final as to any matter actually in issue and determined in the former action, either on behalf of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to disprove essential elements of plaintiff's case, or to establish matters relied on in defense."

The principle involved is exactly the same as that in the case of Wetheral v. Van Stavoren, 125 Pa. 535 (1889), in which the Supreme Court in a per curiam opinion approved the statement of the referee that: "The parties are the same, and the question is the same, and the

ruling of the former referee therefore settles that question." The proof required to prove or disprove the estoppel in each case would have been identically the same.

The rule is stated in Havir's Estate, 283 Pa. 292, 299 (1925), that:

". . . where, as here, the former controversy was between the same parties and concerned the same general question as now involved, . . . though a view of law there applied may be departed from, all issues of fact there decided, concerning the parties entitled, become res adjudicata as between such parties".

The rule is stated by Mr. Justice Stewart in Bowers' Estate, 240 Pa. 388, 390:

"The rule applies with the same strictness where the cause of action, while not technically the same, is nevertheless so related to the cause in the prior litigation that some matter, the establishment of which is essential to the recovery in the second, was determined in the first."

We conclude, therefore, that the court was correct in holding that the estoppel adjudicated in the first case was binding upon the plaintiff in the second case and that therefore the direction of the verdict in favor of the defendants was correct, unless the seventh point raised by the plaintiff would change this result.

In the seventh point the plaintiff contends that the buildings erected by the defendants have been destroyed by fire since the first case, and that therefore the defendants would not now be damaged if the plaintiff were permitted to assert his title. This proposition is based on the theory that the reason for the creation of an estoppel is to prevent injury or damage to the defendant, and that where the element of damage to the defendant has ceased to exist the estoppel would no longer apply. Counsel for the plaintiff has not called to our attention any case in support of the theory for which he contends, but rests his arguments solely on the theory that the estoppel is a protective and not an offensive weapon, and that its use is limited to protecting the party who would be otherwise

injured. While this statement of the nature of the doctrine of estoppel is undoubtedly correct, we cannot subscribe to the theory that an estoppel which once existed and had been adjudicated would cease to exist when the condition of the party for whose benefit the estoppel existed changed. The position of the person protected by the estoppel might so materially change that it would be to his benefit to give up the protection afforded by the estoppel.

We conclude that, where facts exist which create an estoppel, the estoppel exists from that time and is not affected by a change in the position of the parties subsequently.

Our conclusion that the direction of the verdict in favor of the defendants was correct makes it unnecessary for us to consider the remaining questions raised by the plaintiff.

And now, June 9, 1936, the plaintiff's motion for judgment non obstante veredicto and for a new trial is hereby overruled and discharged, and it is ordered that judgment be entered on the verdict of the jury upon the payment of the jury fee. From John P. Sipes, McConnellsburg.