132 517
21 SC 1 72

# J. M. MARSTELLER, EXR., v. JOSEPH MARSTELLER.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Argued February 5, 1890—Decided February 24, 1890.
[To be reported.]

1. It is a well-nigh universal rule that the judgment of a court of competent jurisdiction upon a point litigated between the parties, whether it be a court of record or not, and whether the proceeding in which the judgment was rendered be according to the common law or summary in its character, is conclusive, so long as it remains in full force, in all subsequent controversies directly involving the same question.
2. An adjudication by a justice of the peace in a landlord and tenant proceeding, under the act of April 3, 1830, P. L. 187, finding that the relation of landlord and tenant did not exist, or that there was no rent in arrear, is, until legally set aside or reversed, conclusive upon both parties, and a bar to a proceeding before another justice upon the same cause of action; the dictum to the contrary in Ayres v. Novinger, 8 Pa. 414, disapproved.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 173 January Term 1890, Sup. Ct.; court below, No. 77 September Term 1889, C. P.

On September 2, 1889, Joseph Marsteller entered his appeal from the judgment of George Fry, a justice of the peace, in a landlord and tenant proceeding under the act of April 3, 1830, P. L. 187, brought before said justice on August 3, 1889, by J. Milton Marsteller, executor of Anna M. Marsteller, deceased, against said Joseph Marsteller. Issue.

At the trial on December 4, 1889, the plaintiff showed that by deed dated October 19, 1869, the legal title to the premises in question, a house and lot in Allentown, was conveyed by one William Grim to said Anna M. Marsteller, who was the mother of both the plaintiff and the defendant; that at and prior to the time of her decease, Mrs. Marsteller and the defendant resided together in said house, and after her death the defendant occupied it alone; that Mrs. Marsteller died on

July 1, 1884, leaving a will whereby she provided that all her real estate should be sold by her executors, and the net proceeds of all her property, real, personal and mixed, should be divided equally among her sons and daughters; that said will had been duly admitted to probate and letters testamentary issued thereon to the plaintiff, the other executor named therein having renounced.

The plaintiff adduced testimony tending to show, further, that after Mrs. Marsteller's death an agreement was entered into by which, with the approval of the other legatees and devisees, the plaintiff, as executor, leased said house to the defendant for one year from April 1, 1885, at a rent of ten dollars per month, and under this demise the defendant continued in possession down to the time of trial, without having paid any rent whatever, although he was entitled to a credit upon the rent, for certain repairs and improvements, amounting to $10. The plaintiff showed, also, that prior to the commencement of the proceedings before justice Fry, he gave the defendant notice to quit for non-payment of rent, in accordance with the provisions of the act of April 3, 1830; that there were no goods upon the premises except such as were exempt from distress by law, and that the process in said proceedings was issued and served in conformity with the provisions of said act.

The defendant, testifying for himself, denied the making of the lease referred to in the testimony for the plaintiff, and testified that his possession was under a claim of title to the house and part of the lot, asserted by him after his mother's death and based upon a contract between his mother and himself. He called in his behalf Isaac A. Kase, an alderman of the city of Allentown, who produced his docket, containing the record of a prior landlord and tenant proceeding brought before him by J. Milton Marsteller, executor, against Joseph Marsteller, in relation to the same property in question in the present case. The docket was admitted in evidence without objection. The docket entries were in part as follows:

"Summons issued June 22, 1889, returnable June 26, 1889, at 7 o'clock P. M. Jonas Keiser, constable. Served on oath June 22, 1889. Served on defendant by producing to him the original summons and informing him of the contents thereof.

"Landlord and tenant case under the act of April 3, 1830.

And now, June 23, 1889, plaintiff appears and makes oath that he demised to one Joseph Marsteller, for a term of one year, a certain tenement situate at No. 128 North Eleventh street, in the city of Allentown, reserving rent, and that the said rent is in arrear and unpaid, and that there are not sufficient goods and chattels on the premises to pay and satisfy said rent, except such as are by law exempt from levy and sale, and that the said lessee has, after being notified to quit the premises within fifteen days from the date of said notice, refused to render and deliver up possession of the said premises. Same day summons issued returnable and returned served as above stated. . . . . After the hearing, it appearing that no demise was made, the relation of landlord and tenant not established, and the defendant claiming that he has title to a part of the real estate in question, judgment is entered on July 3, 1889, in favor of the defendant and against the plaintiff, and the said complaint is dismissed with costs to be paid by the plaintiff."

At the close of the testimony the court, ALBRIGHT, P. J., charged the jury in part as follows:

The plaintiff alleges that these premises were demised or let, or as we commonly say, were leased by the executor to Joseph Marsteller for a certain period, which expired on the first day of April 1886, at a certain rent, and that Joseph failed to pay the rent and thereupon proceedings were begun before an alderman, a justice of the peace, to obtain possession for non-payment of rent. . . . .

Now, in this case, if the plaintiff has proven that the premises were demised, or let or leased; that there was a rent reserved; that the tenant has failed to pay the rent; that there are not sufficient goods on the premises, that is, in the house or on the ground leased, personal property outside of $300 exempt by law, to pay the rent with; that a notice to quit was given fifteen days before the proceedings were begun on August 3, 1889, and that the notice to quit was served on the tenant, Joseph Marsteller, and that he was summoned to appear before the 'Squire not less than three nor more than eight days thereafter, and that the tenant has failed to pay the rent, the plaintiff is entitled to your verdict. And if all this is not proved, then your verdict is to be in favor of the defendant.

Now there was some evidence which was received, which is improperly in the case, and which the court instruct you to entirely disregard in your decision. . . . . [The evidence I refer to is, in the first place, a witness testified without objection that before the proceeding we have to do with was instituted, was before 'Squire Fry, this plaintiff made complaint before 'Squire Kase to have the defendant dispossessed, and that Kase decided that case in favor of the defendant. Now gentlemen, that has nothing to do with the question we are now trying, because it is the law that a decision of that sort made, does not prevent the owner of the premises from beginning another proceeding.] [5] And it is not necessary for me to state it, but the record itself of the justice shows reasons in addition to what I have said why that decision is not conclusive. Then the defendant alleged before you that he claimed an interest in the property in question, claimed to be the owner of it, and evidence of that sort was received. The court admitted it; the case of Clark v. Everly, 8 W. & S. 226, was cited, and without looking further, the court admitted that evidence. Further on, upon inquiry by the court into the law, we found the evidence we admitted was improperly admitted.

In a case of that sort, where a tenant is required to pay his rent or leave the premises, it is not sufficient for him to say simply he claims the premises. The evidence we received here was proof of that kind; that the defendant, Joseph Marsteller, asserted and claimed that he had an interest in the premises and owned them. That is not enough. If the defendant had title or the semblance of title, then the justice would have no jurisdiction for non-payment of rent, and if he had no jurisdiction, the court would have no jurisdiction on appeal. And so, if it appears that the defendant has title, or there is evidence of a claim of title, then the justice cannot proceed, but the party must proceed in some other way. But there is no evidence in this case from which a title in Joseph Marsteller could be found. Everything that is material of that kind is simply his own assertion that he owned it. There is no evidence that after the death of the mother the other heirs sold it to him, or the executor sold it to him. The will didn't give it to him, and there is no evidence that the mother in her lifetime gave him the title. So, for all the purposes of this case he has no title, and you must disregard that evidence. . . . .

Opinion of Court below.

The disputed points seem to be whether there was a letting, and whether rent was reserved; whether rent was agreed upon. If Joseph Marsteller, who was in this house when his mother died, had remained there without a contract of leasing, then a proceeding under the landlord and tenant act for the non-payment of rent could not be brought, and in order to get him out, if he had any right there, an action of ejectment would have to be brought in court. So, if the plaintiff has not proven there was a leasing, a letting after his mother's death, then your verdict would be for the defendant. Then he was not in as tenant of the plaintiff. . . . .

Now, on these disputed points, the testimony is for you; the opinion of the court on this question of fact is not to influence you. But it seems to me that on these disputed points the evidence is undoubtedly, we might say, considering the manner of testifying as it struck the court, almost overwhelmingly on one side. So you will take the case and say whether you find in favor of the plaintiff or in favor of the defendant. . . . .

The defendant requests the court to charge:

2. It being admitted as a fact in the case that, in a proceeding for the recovery of these premises for non-payment of rent for and during the same term alleged and complained of in the present case, had before I. A. Kase, an alderman of the city of Allentown, the alderman found that there was no rent in arrear and that the relation of landlord and tenant did not exist, and dismissed the complaint and rendered judgment in favor of the defendant, such finding is conclusive and the verdict of the jury must be for the defendant.

Answer: Negatived.[9]

4. Under all the evidence in the case, the verdict must be for the defendant.

Answer: Negatived.[11]

The jury rendered a verdict with a formal finding in favor of the plaintiff. Judgment having been entered upon the verdict, the defendant took this appeal, assigning for error, inter alia:

5. The part of the charge embraced in [ ] [5]

9, 11. The answers to defendant's points. [9] [11]

*Mr. E. G. Schwartz*, for the appellants:

The finding of the alderman in favor of the defendant, in the first proceeding, that there was no demise and no rent reserved or due, is conclusive upon that question in the present case. While there seems to be no decision in this state directly in point, the possibility that a defendant might be harassed by as many proceedings as there are aldermen and justices of the peace in the county, seems so manifestly oppressive that we may safely conclude that one adverse judgment is conclusive upon the plaintiff, and he can have no other proceeding before the same justice, or any other, under the act of April 3, 1830. Such was held to be the rule under a New York statute, very similar to ours: White v. Coatsworth, 6 N. Y. 137.

*Mr. Allen H. Focht* (with him *Mr. William H. Sowden*), for the appellee:

The ruling of the court below respecting the effect to be given to the judgment of Alderman Kase was correct. Although tenants are concluded by the judgment in such a proceeding, landlords are not, and they may renew their complaints before other justices: Ayre v. Novinger, 8 Pa. 414; Jackson & Gross on L. & T., § 528. This question seems too clear for further argument.

OPINION, MR. JUSTICE STERRETT:

It appears by the charge of the court and the evidence that in June, 1889, a proceeding against the defendant below under the landlord and tenant act of April 3, 1830, commenced before Isaac A. Kase, Esq., a justice of the peace, etc., was so proceeded in, that after a full hearing the justice found "that no demise was made, the relation of landlord and tenant not established," and on July 3, 1889, gave judgment in favor of the defendant and against the plaintiff, and thereupon dismissed the complaint, "with costs to be paid by the plaintiff;" that within a month after the rendition of the judgment and while it remained, as it still does, in full force, neither reversed nor appealed from, the present proceeding was commenced before another justice of the peace by the same plaintiff, against same defendant, on the same alleged demise. In view of these facts, it was claimed by defendant below that the former judgment,

being for the same cause of action and between the same parties, is a bar to this proceeding; and in his second point, reciting the substance of the former proceeding, judgment, etc., he requested the court to charge that the finding of the justice in that proceeding "is conclusive, and the verdict of the jury must be for defendant." The refusal of the court to so charge constitutes the ninth specification of error. In that part of the charge recited in the fifth specification the learned judge also, in substance, instructed the jury that the former proceedings and judgment did not interfere with the plaintiff's right to recover in this case. The question, therefore, presented by the fifth and ninth specifications, is as to the effect of the former judgment.

If the ruling complained of be correct, there is nothing to prevent an unsuccessful landlord from instituting as many successive proceedings for the same cause against his alleged tenant, as he can find justices of the peace in the county. Such a thing would certainly be an anomaly in our system of jurisprudence, the underlying principle of which is that no one shall be twice vexed for the same cause. The well-nigh universal rule is, that the judgment of a court of competent jurisdiction, whether it be a court of record or not, upon a point litigated between the parties, is conclusive in all subsequent controversies directly involving the same question. The only exception to this rule, that is now recalled, is the action of ejectment on a legal title, in which successive suits may be brought and prosecuted until two concurring verdicts and judgments are obtained.

In this case, the justice before whom the first proceeding was commenced heard the testimony, and found as a fact that there was no demise; that the relation of landlord and tenant did not exist; and he therefore entered judgment for the defendant and dismissed the complaint, at the plaintiff's cost. That judgment, predicated, as it was, of the facts found by the justice, went to the very root of the controversy, and is final and conclusive on both parties until legally set aside or reversed. On general principles, there is no reason why it should not be so. It makes no difference whether that adjudication was in a proceeding according to the course of the common law, or summary in its character. It is quite enough that the

question in controversy was submitted to a judicial officer, to be determined in a judicial way; that the parties and their proofs were heard, and their rights settled by a judicial determination. If, in any such determination, error intervenes, it must be corrected in an orderly way, if any is provided; if not, the judgment must be accepted as a finality.

The only authorities we have been referred to, as sustaining the ruling of the court below, are Ayres v. Novinger, 8 Pa. 414, and Jackson & G., L. & T., 299. What was said by the learned judge, in the first of these, appears to be mere obiter dictum, in relation to a matter that was not involved in the case then before the court, and no authority is cited in support of the doctrine there asserted. The principle stated by the text writers is evidently traceable to the dictum found in Ayres v. Novinger, and can add no weight thereto.

The fifth, ninth, and eleventh specifications are sustained. Inasmuch as the error pervading these is fundamental, it is unnecessary to notice the remaining eight assignments.

Judgment reversed.