Borjes *v.* Wich, Appellant.

Argued March 3, 1952. Before RHODES, P. J., RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (HIRT, J., absent).

*James Hiscox,* with him *John L. McDonald* and *Michael F. McDonald, Sr.,* for appellant.

*John T. J. Brennan,* for appellee.

OPINION BY GUNTHER, J., July 17, 1952:

John Borjes instituted this action in trespass against Thomas Wich, appellant, seeking property damages resulting from the negligent operation of a truck. On August 30, 1950, plaintiff obtained a default judgment by reason of defendant's failure to appear or answer. At the trial to assess damages on October 25, 1950, the parties agreed to stay the proceedings to enable defendant to move to open the judgment. A petition and rule to open judgment and an answer thereto were promptly filed. This appeal, by defendant, is from the order of the court below discharging his rule to open judgment.

Defendant's petition to open interposed the defense of res judicata averring, *inter alia,* that the subject matter of the present litigation had been previously adjudicated by an alderman, in which proceeding Wich had obtained a judgment against Borjes; that Borjes had not appealed therefrom and that this judgment was satisfied by payment; that Wich was entirely free of any negligence; that Wich's counsel freely admitted responsibility for failure to appear or answer on behalf of Wich. Borjes' answer admitted the averment of the petition which raised the defense of res judicata and conceded the absence of harm or injury occasioned by the failure of Wich to appear or answer.

In these circumstances, the question is whether the court below abused its discretion in discharging appellant's rule to open the judgment. We are all agreed that an abuse of discretion is established by this record and that the order will be reversed.

An application to open a judgment is an equitable proceeding and rests in the sound discretion of the

court. *Brown & Bigelow, Inc., v. Borish,* 165 Pa. Superior Ct. 308, 67 A. 2d 823. A petitioner must show a reasonable explanation for his delay or default and a meritorious defense to the action. *Fuel City Mfg. Co. v. Waynesburg Products Corp.,* 268 Pa. 441, 112 A. 145; *Brown & Bigelow, Inc., v. Borish,* supra. Cf. *Britton v. Continental Mining and Smelting Corp.,* 366 Pa. 82, 84, 76 A. 2d 625. Mistake or oversight by counsel occasioning prejudice to defendant's rights has been held to constitute a valid basis for the opening of a judgment (Cf. *Horning v. David,* 137 Pa. Superior Ct. 252, 8 A. 2d 729) especially where the application to open was made within a reasonable time and any delay that existed caused no injury or prejudice to the plaintiff. See *Kelber v. Pittsburgh National Plow Co.,* 146 Pa. 485, 23 A. 335; *Horning v. David,* supra. The delay in the instant case was approximately eight months and plaintiff in his answer admitted that he suffered no harm or prejudice thereby.

Moreover, the petition to open interposed a meritorious defense, namely, that the judgment of the alderman, unappealed from, is res judicata. *Marsteller v. Marsteller,* 132 Pa. 517, 19 A. 344; *Eshleman v. Mumper,* 70 D & C 329. The prior judgment, unappealed from, is, as between the parties, final and conclusive with regard to every fact which might properly be considered in reaching a judicial determination and with regard to all points of law relating directly to the cause of action in litigation. Cf. *Fleming v. Strayer,* 367 Pa. 284, 80 A. 2d 786; *Marsteller v. Marsteller,* supra; *Fine v. Soifer,* 288 Pa. 164, 135 A. 742.

Equitable considerations clearly call for a complete hearing in this case and the failure of the court below to so rule was erroneous.

Order reversed; the rule to open is made absolute, with a procedendo.