Weiner *v.* Cassin Motors, Inc., Appellant.

Argued September 29, 1953.  Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ.

*Leon S. Forman,* with him *Bennett & Bricklin,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY ROSS, J., December 29, 1953:

On October 31, 1952 plaintiff, Albert Weiner, obtained a judgment against the defendant, Cassin Motors, Inc., before a magistrate in the City of Philadelphia.  Thereafter defendant appealed to the Municipal Court of Philadelphia County.

Plaintiff filed his complaint in assumpsit and defendant filed preliminary objections thereto.  On February 10, 1953 the preliminary objections were dismissed and defendant was given 20 days in which to

file an answer. No answer was filed and on March 9 a default judgment was entered against the defendant for its omission. On April 18, it filed a rule to show cause why judgment should not be opened, the sole reason advanced for the relief sought being "inadvertence of counsel". The court below discharged the rule stating, inter alia: "This delay cannot be charged to mere inadvertence. It is an inexcusable failure to comply with the court's directive . . . ."

The order of the court below will be affirmed. In *Pinsky v. Master, Admrx., et al.,* 343 Pa. 451, 23 A. 2d 727, plaintiff failed to file a supplementary statement against an additional defendant within 20 days as required by Pa. R. C. P. No. 2252. Her petition for leave to file the supplementary statement nunc pro tunc alleged that the default occurred "through a misunderstanding by Counsel for Plaintiff". The lower court denied relief to plaintiff and its order was affirmed by the Supreme Court, which stated at pages 452-453: "It has been long a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight of counsel and where application is promptly made and a reasonable excuse for the default offered: [citing cases]. Assuming, arguendo, that the court below had the power to relieve plaintiff from the default, and also assuming that the failure was chargeable to counsel alone, the fact remains that the relief sought was by way of grace and not of right. It follows that we may not reverse the court below unless there was a clear abuse of legal discretion." In *Colacioppo et ux. v. Holcombe,* 166 Pa. Superior Ct. 186, 70 A. 2d 452, plaintiff filed a complaint in trespass and took judgment in default of an appearance some 23 days later. The petition to open filed by defendant alleged that the failure to file an answer was the result of a con-

troversy involving the defendant and his attorney and defendant's insurance carrier concerning whether the action was to be defended by the defendant personally or by his insurance carrier. This Court, in holding that the court below acted within its power in refusing to open the judgment, stated at page 189: "Assuming, *arguendo,* in the instant case, that the failure was chargeable to the insurance broker, or the insurance company's attorneys, a clear abuse of discretion on the part of the learned court below would have to appear before we would have the right to reverse."

The refusal of a lower court to open a default judgment in the face of inadvertence or mistake of counsel coupled with strong equitable considerations in favor of the party seeking relief may justify an appellate court in reversing such refusal. In *Borjes v. Wich,* 171 Pa. Superior Ct. 505, 90 A. 2d 288, relied upon by the appellant, the petition to open a default judgment averred that the subject matter had previously been adjudicated in favor of the petitioner-defendant, and the plaintiff in his answer admitted the averment of res judicata. Under those circumstances we held that "equitable considerations" required that the default judgment be opened. Here there are no such—or similar—"equitable considerations" which would justify us in holding that there was "a clear abuse of discretion" by the court below in refusing to open the judgment.

Plaintiff brought the present action to recover the sum of $87.30, alleged to be due him as salary and commissions earned in the defendant's employ. In its brief the defendant contends that the plaintiff's complaint is not "self-sustaining" because it "does not reveal how plaintiff arrived at the amount claimed by him". This question was not raised in the court below and will not be considered here. An appellate

court will not review questions that were not raised, tried or considered in the court below. *Craft Engineering Co., Inc. v. Messa,* 171 Pa. Superior Ct. 447, 90 A. 2d 628.

Order affirmed.