Walters *v.* Harleysville Mutual Casualty Company, Appellant.

Argued January 6, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry T. Reath,* with him *David C. Toomey, Alvin A. Woerle,* and *Duane, Morris & Heckscher,* and *Ruth, Weidner, Woerle & Yoder,* for appellants.

*Frederick J. Giorgi,* with him *Speicher, Austin, Connor & Giorgi,* for appellee.

Opinion by Mr. Justice O'Brien, March 16, 1965:

The plaintiff-appellee filed a complaint in equity in Berks County on October 16, 1961. The complaint was served on the defendants-appellants on October 19, 1961. Thereafter, the defendants consulted counsel in the City of Philadelphia. Counsel for the defendants then communicated with counsel for the plaintiff and requested additional time to file an answer and to secure local counsel. Counsel for the plaintiff then granted the defendants an additional thirty days. On November 11, 1961, the defendants' counsel promised that the answer would be filed by Friday of that week; however, the answer was not filed. On December 19, 1961, counsel for the plaintiff was advised by counsel for the defendants that the answer would be filed the following Tuesday, but still no answer was filed. On January 19, 1962, the attorney for the plaintiff warned counsel for the defendants that unless an answer were filed by January 25, 1962, the plaintiff would take a default judgment. On February 2, 1962, no answer having been filed, the plaintiff caused a default judgment to be entered.

Shortly thereafter, the defendants filed a petition to open the judgment. The petition alleged that the defendants had a meritorious defense, that the petition was timely filed after the entry of the judgment and that the failure to file an answer for over a hundred days was caused by the busy trial and business appointments of the attorney for the defendants.

No depositions having been taken, the Berks County Court of Common Pleas heard arguments on the petition. After consideration of the petition and arguments, the court below exercised its discretion and denied the petition. Thereafter, a petition for reargument and depositions were filed, and the matter was reconsidered below. Upon examination of the petition and answer to the petition for reargument, the reargument was denied; this appeal followed.

A petition to open a judgment is an appeal to the equity powers of the court and is a matter largely within its discretion. Although the exercise of discretion of the court below is reversible, its decision will not be upset unless there has been a clear, manifest abuse of discretion.

The guidelines a court must follow in considering a petition to open a default judgment are clearly set out in *Wheel v. The Park Building*, 412 Pa. 545, 195 A. 2d 359 (1963), wherein we said on page 546: ". . . relief will be given to one against whom a default judgment has been taken where a petition is promptly filed, the default reasonably explained and a defense shown to exist on the merits. . . ."

When we apply these guidelines to the case at bar, we find that the petition was promptly filed after the default judgment was entered, and for purposes of this case, a defense on the merits would appear to exist. The problem which faces us, and which faced the court below, was whether or not the delay was reasonably explained or excused. The record clearly indicates that the plaintiff gave the defendants' counsel great consideration and ample opportunity to file an answer; however, an answer was never submitted. In all fairness to Philadelphia counsel for the defendants, he was required to engage local counsel and then prepare and file the required answer, and a reasonable extension of the 20 day period was necessary and it was given. However, as early as November 11, 1961, local counsel had been engaged, and all that remained was the preparation and filing of the answer. The record indicates that the attorney for the defendants was a partner in a law firm with 26 attorneys and that during the period from the date of the filing of the complaint he was busily engaged in extensive labor negotiations which took him to New York and Toledo, a malpractice case and administrative hearings in Harrisburg as well

as other obligations of his law practice. Counsel for the defendants allege that due to extensive prior commitments the required answer was not timely filed.

The appellants argue that the neglect of counsel should not prejudice the rights of their client. In support of this position, the appellants cite *Clearfield Cheese Co. v. United Stone and Allied Products Workers of America,* 378 Pa. 144, 106 A. 2d 612 (1954). In that case, counsel for the Union failed to file an answer in twenty days as required by a court order on the assumption that the litigation was terminated. The nature of the action and the mass of pleadings, orders and counter orders were easily discernible as the efficient cause of the mistake. In this case, however, there was no overpowering confusion or mass of pleadings and court orders which caused a mistake. The attorney for the defendants simply says he was too busy.

We must, therefore, conclude that the court below fairly and accurately applied the guidelines for opening judgments as was set forth in *Wheel v. Park Bldg.,* supra, when it found that the reason for the delay was not reasonably explained. The attorney for the defendants had ample time to prepare the answer or cause the answer to be prepared. The plaintiff gave him over 100 days in which to file the answer, five times the time required by the rules of civil procedure.

It is clear that the court below correctly decided that in this case, defendants' excuses were unacceptable and the delay was not reasonably explained.

Order affirmed.

Mr. Justice JONES and Mr. Justice COHEN dissent.