## Stephens, Appellant, *v.* Bartholomew.

Argued April 28, 1966. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Norman Shigon,* for appellant.

*Joseph A. Damico, Jr.,* with him *Chadwick, Petrikin, Smithers and Ginsburg,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 24, 1966:
This is an appeal by plaintiff, Samuel Stephens, from the Order of the lower Court opening a default judgment.

On November 29, 1965, Stephens filed a complaint in trespass against defendant, Paul Bartholomew. His claim exceeded $10,000. The sheriff served the complaint on December 1, 1965, and twenty-seven days later, on December 28, 1965, judgment by default was entered. On January 12, 1966,* defendant filed a petition to open the judgment and on the same day the lower Court allowed a rule to show cause why the judgment should not be opened. This rule was returnable January 21, 1966 and on that date the Court heard testimony.

Defendant's attorney testified that the complaint and a brief file were delivered to his office on December 14, 1965, when he was out of town. He first noticed the file on December 15, but did not have an opportunity to study it because of business commitments, some of which took him out of town, and he did not read the complaint until December 29, 1965, which was the day following the entry of the default judgment.

The lower Court made the rule absolute and permitted defendant to enter an appearance, file preliminary objections, and also an answer, and to enter a defense to the action. It seems a shame to impose a large liability upon the defendant because of the in-

_____
* The delay from December 29, 1965 to January 7, 1966 was allegedly caused by negotiations between counsel.

excusable neglect of his attorney, especially when plaintiff will not be prejudiced if he has a meritorious claim.

The grant or refusal of a petition to open a judgment is within the discretion of the lower Court and its decision will not be reversed in the absence of a clear abuse of discretion or an error of law. *Blumberg v. Levin,* 421 Pa. 512, 219 A. 2d 590; *Girard Trust Corn Exchange Bank v. Sweeney,* 413 Pa. 203, 196 A. 2d 310; *Universal Builders' Supply, Inc. v. Shaler Highlands Corporation,* 409 Pa. 334, 186 A. 2d 30; *Commonwealth ex rel. Chidsey v. Keystone Mutual Casualty Company,* 373 Pa. 105, 117, 95 A. 2d 664.

We find no clear abuse of discretion or error of law.

Order affirmed.