222 Pa. Superior Ct. 323 (1972)
Criscuolo
v.
Moore Farms, Inc., Appellant.
Superior Court of Pennsylvania.
Argued June 13, 1972.
September 15, 1972.
Before WRIGHT, P.J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.
*324 William T. Coleman, Jr., with him John F. Smith, III, Christopher S. Underhill, Dilworth, Paxson, Kalish, Levy & Coleman, and Windolph, Burkholder & Hartman, for appellant.
John Milton Ranck, with him James W. Appel, and Appel, Ranck, Herr and Appel, for appellees.
OPINION BY JACOBS, J., September 15, 1972:
Defendant appeals from the order of the court below, discharging its rule to open a default judgment entered for failure to file an answer to plaintiffs' complaint. The determinative question in this case is whether the defendant established a sufficient excuse for the default. The lower court found defendant's excuse insufficient, and we cannot reverse this finding unless it represents a clear, manifest abuse of discretion. Walters v. Harleysville Mut. Cas. Co., 417 Pa. 438, 207 A.2d 852 (1965). Such an abuse of discretion has not been shown in this case.
The asserted excuse for counsel's failure to meet the filing deadline is that counsel was busy with other litigation and confused the deadline date with that of another case. The lower court found this excuse inadequate in view of the surrounding circumstances. Those circumstances included the following: Counsel was found to have had no adequate system for reminding himself of impending deadlines. In fact, it was only *325 by chance that the deadline in the present case was discovered less than ½ hour before its expiration.[1] Counsel had received prior warning about missing deadlines when plaintiffs challenged the tardy filing of an answer to their request for admissions, on the ground that it was filed 232 days late. The challenge, however, was unsuccessful and the proceedings continued at a slow pace. Additional time was consumed with preliminary objections which were finally disposed of on March 19, 1971. Counsel for both parties thereafter agreed in writing to extend the time in which defendant could file an answer to plaintiffs' complaint. The extension was to expire on May 19, 1971, affording defendant 61 days in which to file the answer, instead of the normal 20 days. The attorney for the plaintiffs agreed to the extension reluctantly, taking the responsibility upon himself, as his clients were not anxious to further indulge the defendant. Nevertheless, the attorney for the defendant spent very little time during the extension period on the preparation of the answer; nor, during the entire 184-day period between the filing of the complaint and the entry of the default judgment, did the attorney have any discussions with his client with regard to answering the complaint. And, in the end, the answer was not timely filed. In view of these circumstances we do not believe that the lower court's refusal to open the judgment constituted an abuse of discretion.
The defendant argues that it should not be held responsible for its counsel's mistake. However, in our opinion the failure of counsel to file on time was not the result of mistake or oversight but simply procrastination. *326 In Walters v. Harleysville Mutual Casualty Co., supra, the dilatory conduct of the attorney was more severe than in the present case, but, like the attorney in the present case, he raised as an excuse for his tardiness that he was too busy with other matters and the Court, finding this excuse insufficient, refused to open the default judgment, thereby precluding the clients' rights because of the attorney's procrastination. See also Weiner v. Cassin Motors, Inc., 174 Pa. Superior Ct. 235, 101 A.2d 431 (1953); Colacioppo v. Holcombe, 166 Pa. Superior Ct. 186, 70 A.2d 452 (1950).
The lower court in the present case could have opened the judgment, but was not compelled to do so. Since its decision not to open the judgment was authorized by law and supported by the facts, we are unable to find an abuse of discretion on the court's part. Accordingly, the lower court's order must be affirmed.
Order affirmed.
DISSENTING OPINION BY PACKEL, J.:
Defendant appeals from the order of the court below discharging its rule to open a default judgment in the amount of $68,322.73. The judgment was taken without notice or leave of court upon the ground that defendant's counsel missed a fixed deadline for the filing of its answer in an assumpsit action.
Counsel for the parties had agreed upon an extension of time to answer until May 19, 1971. Defendant's counsel stated in a deposition that he had inadvertently confused that deadline with one in an unrelated criminal matter and was, therefore, under the impression that he had an additional few days. He did, however, discover his error in the late afternoon of the due date and immediately telephoned plaintiff's counsel who was not in his office. A second call that evening to counsel's *327 residence was likewise unavailing. When plaintiff's counsel was finally contacted the next morning he said that he would have to consult with others about a further extension. Sometime later he informed defendant's counsel that a decision had been made to take a default judgment. Defendant's counsel thereupon prepared a petition for extension of time which was presented to the court at 2:00 P.M. on May 20. The petition was denied because the default judgment had already been entered at 11:19 A.M. on that date. Defendant's counsel promptly filed its petition to open judgment on May 21, 1971.
A petition to open a judgment is an appeal to the equitable side of the court and the disposition of the petition will not be disturbed on appeal unless a mistake of law or a clear abuse of discretion is shown. Taylor v. Humble Oil & Refining Co., 221 Pa. Superior Ct. 394, 292 A. 2d 481 (1972). In order to prevail, one who petitions to open a judgment (1) must act promptly, (2) aver a meritorious defense, and (3) plead a sufficient excuse for the default. Atlas Aluminum Corp. v. Methods Research Products Co., 420 Pa. 407, 218 A. 2d 244 (1966). In this case the lower court found that defendant had satisfied the first two requirements but denied relief upon the ground that the explanation offered by defendant's counsel that he was "busily engaged in other litigation and became mixed-up on the deadline date" was unreasonable.
Our courts have afforded relief in the past where counsel's error has resulted in a default judgment. Stephens v. Bartholomew, 422 Pa. 311, 220 A. 2d 617 (1966); Clearfield Cheese Co. v. U.S. & A. Workers, 378 Pa. 144, 106 A. 2d 612 (1954); Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 112 A. 145 (1920); Borjes v. Wich, 171 Pa. Superior Ct. 505, 90 A. 2d 288 (1952); Horning v. David, 137 Pa. Superior Ct. *328 252, 8 A. 2d 729 (1939). As this Court stated in Borjes, supra (171 Pa. Superior Ct. at 507, 90 A. 2d at 289): "Mistake or oversight by counsel occasioning prejudice to defendant's rights has been held to constitute a valid basis for the opening of a judgment (citation omitted) especially where the application to open was made within a reasonable time and any delay that existed caused no injury or prejudice to the plaintiff. (citations omitted)." The plaintiff in the instant case could not show any prejudice which accrued from this delay. Furthermore, defendant's counsel demonstrated complete good faith upon these facts. There is no indication that he acted for purposes of procrastination.[1] Rather, his error has the earmarks of an honest oversight coupled with the most prompt and diligent effort to correct it.
The lower court noted in its opinion that if the petition for extension of time to answer had been filed before the default judgment had been taken, a modest extension would have been granted. In denying relief it observed that it was only by chance that defendant's counsel discovered his error before the deadline expired and criticized such a "lax and disorganized" manner of practicing law. In Stephens, supra, the Court permitted the judgment to be opened in the face of what it characterized to be "inexcusable neglect" by an attorney. Counsel's mistake in this case certainly falls short of that type of conduct. Consequently, upon this record the refusal of the trial court to open the judgment did constitute an abuse of discretion.
*329 The order should be reversed to allow the opening of the judgment.
SPAULDING and CERCONE, JJ., join in this dissent.
NOTES
[1] At the time counsel discovered the impending deadline it was too late for him to timely file his pleading and he was unable to contact the plaintiffs' attorney prior to the expiration of the deadline.
[1] This is not a case like Walters v. Harleysville M. Cas. Co., 417 Pa. 438, 207 A. 2d 852 (1965), where relief was properly denied when counsel repeatedly promised to file an answer, received a number of extensions upon that basis and still failed to file in the face of a threatened default judgment.