Dissenting Opinion by
Packel, J.:
Defendant appeals from the order of the court below discharging its rule to open a default judgment in the amount of $68,322.73. The judgment was taken without notice or leave of court upon the ground that defendant’s counsel missed a fixed deadline for the filing of its answer in an assumpsit action.
Counsel for the parties had agreed upon an extension of time to answer until May 19, 1971. Defendant’s counsel stated in a deposition that he had inadvertently confused that deadline with one in an unrelated criminal matter and was, therefore, under the impression that he had an additional few days. He did, however, discover his error in the late afternoon of the due date and immediately telephoned plaintiff’s counsel who was not in his office. A second call that evening to coun *327 sel’s residence was likewise unavailing. When plaintiff’s counsel was finally contacted the next morning he said that he would have to consult with others about a further extension. Sometime later he informed defendant’s counsel that a decision had been made to take a default judgment. Defendant’s counsel thereupon prepared a petition for extension of time which was presented to the court at 2:00 P.M. on May 20. The petition was denied because the default judgment had already been entered at 11:19 A.M. on that date. Defendant’s counsel promptly filed its petition to open judgment on May 21, 1971.
A petition to open a judgment is an appeal to the equitable side of the court and the disposition of the petition will not be disturbed on appeal unless a mistake of law or a clear abuse of discretion is shown. Taylor v. Humble Oil & Refining Co., 221 Pa. Superior Ct. 394, 292 A. 2d 481 (1972). In order to prevail, one who petitions to open a judgment (1) must act promptly, (2) aver a meritorious defense, and (3) plead a sufficient excuse for the default. Atlas Aluminum Corp. v. Methods Research Products Co., 420 Pa. 407, 218 A. 2d 244 (1966). In this case the lower court found that defendant had satisfied the first two requirements but denied relief upon the ground that the explanation offered by defendant’s counsel that he was “busily engaged in other litigation and became mixed-up on the deadline date” was unreasonable.
Our courts have afforded relief in the past where counsel’s error has resulted in a default judgment. Stephens v. Bartholomew, 422 Pa. 311, 220 A. 2d 617 (1966); Clearfield Cheese Co. v. U. S. & A. Workers, 378 Pa. 144, 106 A. 2d 612 (1954); Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 112 A. 145 (1920); Borjes v.Wich, 171 Pa. Superior Ct. 505, 90 A. 2d 288 (1952); Horning v. David, 137 Pa. Superior Ct. *328 252, 8 A. 2d 729 (1939). As this Court stated in Borjes, supra (171 Pa. Superior Ct. at 507, 90 A. 2d at 289) : “Mistake or oversight by counsel occasioning prejudice to defendant’s rights has been held to constitute a valid basis for the opening of a judgment (citation omitted) especially where the application to open was made within a reasonable time and any delay that existed caused no injury or prejudice to the plaintiff, (citations omitted).” The plaintiff in the instant case could not show any prejudice which accrued from this delay. Furthermore, defendant’s counsel demonstrated complete good faith upon these facts. There is no indication that he acted for purposes of procrastination.[1] Rather, his error has the earmarks of an honest oversight coupled with the most prompt and diligent effort to correct it.
The lower court noted in its opinion that if the petition for extension of time to answer had been filed before the default judgment had been taken, a modest extension would have been granted. In denying relief it observed that it was only by chance that defendant’s counsel discovered his error before the deadline expired and criticized such a “lax and disorganized” manner of practicing law. In Stephens, supra, the Court permitted the judgment to be opened in the face of what it characterized to be “inexcusable neglect” by an attorney. Counsel’s mistake in this case certainly falls short of that type of conduct. Consequently, upon this record the refusal of the trial court to open the judgment did constitute an abuse of discretion.
*329 The order should be reversed to allow the opening of the judgment.
Spaulding and Cehcone, JJ., join in this dissent.

 This is not a case like Walters v. Harleysville M. Cas. Co., 417 Pa. 438, 207 A. 2d 852 (1965), where relief was properly denied when counsel repeatedly promised to file an answer, received a number of extensions upon that basis and still failed to file in the face of a threatened default judgment.