**Fritz v. Wasser**

*Robert Van Horn,* for plaintiff.
*Gary Asteak & Bernard V. O'Hare,* for defendant.

GRIFO, J., June 9, 1975—This matter is before the court on defendant James F. Wassell's (hereinafter "Wassell") petition to open a default judgment. Plaintiff's complaint in trespass was filed on August 6, 1974, seeking damages for physical injuries sustained in an accident involving Wassell's automobile and a motorcycle on which plaintiff was a passenger, and operated by defendant, Michael C. Wasser (hereinafter "Wasser"). On December 23, 1974, plaintiff had judgment entered against Wassell for failure to enter an appearance or file an answer to the complaint.

On August 26, 1974, the complaint was served on Wassell's mother at 250 Columbia Street, Tamaqua, Pa. At the time Wassell was residing in Allentown, Pa., and he did not see the complaint until he visited his parents on August 30, 1974. The next week, Wassell contacted an attorney in Tamaqua. He advised that Wassel obtain counsel in Allentown, after consulting both another attorney in Allentown and Lehigh Valley Legal Services, Wassell finally met with attorney Edward K. Kline, III, of Allentown, on September 18, 1974. Wassell left his copy of the complaint with attor-

ney Kline, and after this initial meeting and a follow-up later in September, Wassell was under the impression that the suit was being handled by attorney Kline for an initial investigation fee of $50, which was paid, and a later fee of $1,000.

On December 9, 1974, a pretrial conference was held before the Hon. Michael V. Franciosa. Neither Wassell nor his counsel appeared at this conference. During this pretrial, plaintiff's attorney indicated that he intended to enter a default judgment against Wassell. A copy of the pretrial conference transcript was forwarded to Wassell on December 12, 1974, by the Northampton County Court Administrator, along with a cover letter which stated:

"The case will be listed for trial during the week of January 20, 1975, and if you intend to present a defense, please contact either Bernard V. O'Hare, Jr., Esq., or Richard Stevens, Esq. If you do not appear, judgment will be entered against you and damages will be assessed."

One day after Wassell received the letter from the court administrator, he received a letter from attorney Kline indicating that he could not handle the case. On December 23, 1974, a default judgment was taken against Wassell. Finally, on January 17, 1975, Wassell contacted plaintiff's attorney. Wassell was referred to his present counsel on that date, who, after first becoming aware of the entry of the default judgment, filed a petition to open the default judgment on January 20, 1975.

In order to open a default judgment in an action in trespass, Wassell must establish two points: (1) that the petition to open was promptly filed, and (2) that a legitimate explanation exists for the delay that occasioned the default judgment: Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970). Unlike assumpsit actions,

Wassell need not demonstrate a meritorious defense to open a default judgment in a trespass action if the equities are otherwise clearly in his favor: Kraynick v. Hertz, 443 Pa. 105, 109; 227 A. 2d 144 (1971).

In this case, the petition to open was filed on January 20, 1975, less than one month after the default judgment was entered. Under the circumstances outlined below, we hold that this chronology complies with the promptness requirement: Silverman v. Polis, 230 Pa. Superior Ct. 366, 326 A. 2d 452 (1974); Campbell v. Heilman Homes, Inc., 233 Pa. Superior Ct. 366, 335 A. 2d 371 (1975). Wassell did not learn of the default judgment until January 17, 1975, the date on which he procured his present counsel. The petition to open was filed three days later. Thus, even though notice was given to Wassell of plaintiff's intention to enter the default judgment, this notice occurred at the same time that attorney Kline decided not to handle the case, and at a time when Wassell testified on deposition that he was unfamiliar with the legal term "default judgment." Furthermore, no notice was given to Wassell after the entry of the default judgment on December 23, 1974. See Balk v. Ford Motor Co., 446 Pa. 137, 285 A. 2d 128 (1971). Based on these facts, we are more strongly influenced by the date when Wassell actually learned of the default judgment rather than the date when he obtained the constructive notice given by recording a judgment. We, therefore, hold that his three-day delay in filing the petition to open after actually learning of the default judgment was not unreasonable.

The other factor to be considered before opening a default judgment in a trespass action is whether the moving party can reasonably excuse or justify his failure to appear or answer. The record reveals that after Wassell was served with the complaint he con-

sulted an attorney in Tamaqua, an attorney in Allentown, Lehigh Valley Legal Services in Allentown, and finally attorney Kline. After discussing the matter with attorney Kline in September 1974, Wassell was under the impression that the suit was being properly handled. It was not until around December 12, 1974, one week before the default judgment was entered, that Wassell discovered that he was not represented.

The crucial question, therefore, is whether Wassell's misapprehension as to attorney Kline's role in handling the case constitutes a sufficient legal justification to open a default judgment against this defendant. The Superior Court of Pennsylvania has consistently held that where a "judgment was not due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the defendant, but was the result of a decision, after deliberation, not to defend," a default judgment will not be opened: Kanai v. Sowa, 109 Pa. Superior Ct. 426, 428, 167 A. 2d 429, 430 (1933). In this case, Wassell was not deliberately stalling. In fact, he visited with at least five attorneys up to this point, and the delay in filing an answer resulted more from his ignorance of the legal process and profession than any intentional delaying tactics. Errors of this sort have been held to constitute sufficient legal justification to open a default judgment when committed by an attorney or insurance company. See Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970) (insurance claims manager erroneously assuming there was time to enter an appearance); Stephens v. Bartholomew, 422 Pa. 311, 220 A. 2d 617 (1966), (neglect of counsel in not reading complaint due to being out of town and busy with other clients); Scott v. McEwing, 337 Pa. 273, 10 A. 2d 436 (1940), (suit papers mislaid by insurance company); Borjes v. Wich, 171 Pa. Superior Ct. 505, 90 A. 2d 288 (1952), (counsel's failure to appear or file an answer).

The fact that the error in this case was simply the defendant Wassell's fault, rather than his attorney's or an insurance company's, should not alter the result. We, therefore, hold that Wassell has presented to this court a legitimate explanation for the delay that occasioned the default judgment.

Wherefore, we enter the following

### ORDER OF COURT

And now, to wit, June 9, 1975, defendant James F. Wassell's rule to show cause why the default judgment should not be opened and defendant let in a defense is made absolute.

Defendant, James F. Wassell, is granted 20 days from the date hereof to file a responsive pleading.