## Litzenberger v. Blue Cross of Greater Philadelphia

*Samuel A. Litzenberger,* for plaintiffs.
*Robert W. Suter,* for defendant.

BODLEY, *J.,* December 30, 1977 — This matter comes before us under Bucks County Rule *266 by way of defendant's petition and rule to show cause why judgment should not be opened.

On June 24, 1977, plaintiffs, Samuel A. Litzenberger and Jane L. Litzenberger, husband and wife, filed a complaint alleging that Blue Cross had not paid Doylestown Hospital on behalf of plaintiffs for services provided for plaintiff wife by said hospital. Plaintiffs alleged that they were covered by Blue Cross at the time the hospitalization took place, and they demanded that payment be made.

The complaint was served on June 29, 1977. In its answer, filed July 19, 1977, defendant alleged that plaintiffs had lost their coverage as the result of non-payment of premiums and were not entitled to coverage for plaintiff wife's hospitalization. The answer contained docket number 77-2605, rather than the correct number of 77-6205, the first two digits being in reverse order. Accordingly, the answer was recorded under No. 2605 and not under the proper docket number. Consequently, on June 20, 1977, plaintiffs obtained a default judgment in the sum of $1,429.03 plus costs.

On July 22, 1977, new counsel entered an appearance on behalf of defendant, and on August 15, 1977, filed this petition to open judgment. In the petition, defendant averred the filing of the answer containing the improper docket number, and alleged that by reason of non-payment of premiums the policy had been cancelled prior to the hospitali-

zation. A copy of the docket entries and a copy of the defective answer were attached to the petition.

On September 6, 1977, plaintiffs filed an answer containing new matter in response to the petition. Plaintiffs alleged that they were unable to determine the truth of defendant's allegations as to the docketing of the answer under the wrong number. Plaintiffs also disputed defendant's allegation that they were not entitled to coverage for the hospitalization. In new matter, plaintiffs further alleged that the petition to open was not timely filed. In defendant's reply to new matter, it is alleged that the petition was filed within 20 days of receipt of notice of the default judgment.

A court may not open a default judgment entered in an assumpsit action unless (1) the petition has been timely filed, (2) the petition satisfactorily explains defendant's failure to plead within the required time limit, and (3) the petition sets forth a meritorious defense: McCoy v. Public Acceptance Corp., 451 Pa. 495, 305 A. 2d 698 (1973); McEvilly et al. v. Tucci et al., 239 Pa. Superior Ct. 474, 362 A. 2d 259 (1976).

In the instant case, there can be no serious dispute as to the timeliness of filing, in that defendant's present counsel entered his appearance on July 22, 1977, and on August 15, 1977, the petition to open was filed.

We also find that the facts before us are sufficient to establish a reasonable explanation for defendant's ostensible failure to plead. The court docket, of which we take judicial notice, indicates that a timely answer to plaintiffs' complaint was filed on July 19, 1977. The entry was not made until after that date, however, allegedly due to the error of counsel regarding the improper docket number, as described in defendant's petition. We find that a

review of the docket alone indicates that unusual circumstances prevented Blue Cross from defending this action.

It has consistently been the law in Pennsylvania that errors of counsel, or clerical errors which indicate an oversight rather than a deliberate decision not to defend, constitute sufficient legal justification to open a default judgment: Stephens v. Bartholomew, 422 Pa. 311, 220 A. 2d 617 (1966); Pinsky v. Master, Admrx., et al., 343 Pa. 451, 23 A. 2d 727 (1942); Johnson v. Yellow Cab Co. of Philadelphia, 226 Pa. Superior Ct. 270, 307 A. 2d 423 (1973). In the light of these holdings, we find that petitioner has satisfied the second requirement of the test before us.

We are next confronted with the question of whether the petition sets forth a meritorious defense. The issue is somewhat complex because of defense counsel's failure to take depositions to support the petition. In a proceeding to open judgment, if a defendant chooses not to take depositions, and wishes to have the application heard on petition and answer alone, the averments in the answer, so far as they are responsive to those in the petition, must be taken as true: Rose v. Cohen, 193 Pa. Superior Ct. 454, 165 A. 2d 264 (1960); McEvilly v. Tucci, supra.

The petition alleges by way of defendant's incorporated and annexed answer, that plaintiffs failed to pay policy premiums due on November 1, 1976, and that pursuant to the agreement of the parties, the agreement between the parties automatically terminated. Petitioner also alleges that plaintiff Samuel Litzenberger made an application for reinstatement of the subscription agreement on December 21, 1976, and that on December 27, 1976,

plaintiffs' payment for the period November 1, 1976, to May 1, 1977, was received and accepted. The petition further states that Jane Litzenberger was hospitalized on February 3, 1977, and that the illness for which she was hospitalized was first manifested prior to January 6, 1977.

Petitioner argues that in the light of the above facts, the following provision in the subscription agreement relieves it of contractual liability:

"If the Applicant fails to pay to Blue Cross the charges for this Agreement within thirty (30) days after the same became due, this Agreement shall automatically terminate at the end of the period for which payment has been made. Blue Cross may thereafter, at its option, accept payment of the charges due and upon acceptance shall reinstate this Agreement effective immediately as to benefits provided therein for injury occurring thereafter, and for such illness as may be first manifested more than ten (10) days after the date of such acceptance."

We must next determine whether the responsive facts in plaintiffs' answer to the petition, when taken as true, are such that it cannot be said that petitioner has raised a meritorious defense.

The answer avers in paragraph 8 that Blue Cross premiums were not due by plaintiffs on or before November 1, 1976, although payment was made when due sometime in December by a check dated November 1, 1976. In the same paragraph, plaintiffs aver that payment was actually tendered on or about November 1, 1976. Plaintiffs further aver that they never made an application for reinstatement of the subscription agreement. Plaintiffs aver in addition that the illness resulting in the hos-

pitalization of Jane Litzenberger was not manifest prior to December 21, 1976.

As can be seen, plaintiffs' responses to the basic allegations in the petition are both contradictory, and at the same time are not fatal to the proffered defense. Plaintiffs do not make clear when payment of premiums was actually made, nor do they state a time of the onset of the illness which necessarily defeats defendant's claim. Consequently, we find that in spite of the strict evidentiary approach which we are obliged to take, a meritorious defense has been set forth by petitioner.

### ORDER

And now, December 30, 1977, for the reasons stated above, the prayer of defendant's petition is granted; the rule thereon is made absolute; and the default judgment is hereby opened.