**Wideman v. Gerrity**

*Jerry B. Chariton* and *Larry A. Brand*, for plaintiff.
*Amil M. Minora*, for defendant.

PODCASY, *J.*, December 13, 1979—This matter comes before the court on petition of defendant, Thomas Gerrity, to open judgment which he contends came into being upon an award of a board of arbitrators granted ex parte.

After defendant was granted a continuance from a scheduled hearing on June 29, 1979, to a rescheduling of July 16, 1979, his counsel notified all interested persons that he would be unavailable on July 16, 1979, due to the fact that he would be engaged in the trial of a murder case in Berks County as per the granting of an application for a change of venue. Said trial was scheduled to begin on July 9, 1979. By letter dated July 13, 1979, plaintiffs' counsel attempted to notify defense counsel that a new hearing date of Monday, July 23, 1979, at 10:00 a.m. had been set.

Defendant counsel's trial in Berks County was completed on Saturday, July 21, 1979, but he contends that he opened the notification of hearing letter at his office on Monday, July 23, 1979, at 9:30 a.m., contacted plaintiffs' counsel requesting a continuance, which matter was presented before the board of arbitrators, which body decided not to grant the continuance. Thus, the hearing was conducted without the presence of defendant, his counsel and his witnesses, and an award was entered on July 23, 1979, in favor of plaintiffs who were nevertheless denied the punitive damages which they sought.

Referring to defendant's petition to open judgment, we must determine whether an award made

pursuant to compulsory arbitration is of itself a judgment. In Weber v. Lynch, 473 Pa. 599, 610, 375 A. 2d 1278, 1283 (1977), the court stated:

"We therefore conclude that, although section 27 of the Arbitration Act provides for de novo appeals from compulsory arbitration, the legislature intended such appeals, once perfected, to proceed to trial with no evidentiary limitations upon the parties other than those which would be applicable to an original trial. *It is significant in this regard that an award made pursuant to compulsory arbitration is not itself a judgment,* 'but merely has the effect of a judgment so as to become a lien on real estate. . . .' Lanigan v. Lewis, 210 Pa. Super. 273, 277, 232 A. 2d 50, 52 (1967). See Act of June 16, 1836, P.L. 715, §24, 5 P.S. §54." (Emphasis supplied.)

Even if, for argument's sake, we were to conclude that an award was of itself a judgment, in order for same to be opened, defendant would have to meet the three requirements in this regard, viz., that the petition to open was promptly filed; that the default is reasonably explained or excused; and that the defendant-petitioner has a meritorious defense. See Thorn v. Clearfield Borough, 420 Pa. 584, 218 A. 2d 298 (1966).

While the petition was promptly filed and while petitioner's answer may contain a meritorious defense, we find no legitimate explanation for defendant's failure to appear at the arbitration hearing.

In Goldstein v. Graduate Hospital of The University of Pennsylvania, 441 Pa. 179, 182, 183, 272 A. 2d 472 (1971), the court stated: "Analogous to the procedure here involved is a defendant's peti-

tion to open a default judgment. In connection therewith, we have held that *although defendant's counsel may be involved in other matters, the existence of these obligations provides no excuse for opening the judgment even though the client may be severely prejudiced.*" (Emphasis supplied.) Walters v. Harleysville Mutual Cas. Co., 417 Pa. 438, 207 A. 2d 852 (1965).

Defendant argues that the award of the arbitrators is or has the same force and effect of a judgment and thus in his petition he seeks to open the judgment, as such.

Judicial review of common law arbitration awards is narrowly circumscribed: Bole v. Nationwide Insurance Co., 238 Pa. Superior Ct. 138, 352 A. 2d 472 (1975). Courts will not set aside an award because the arbitrators made mistakes of law or fact: Runewicz v. Keystone Insurance Co., 476 Pa. 456, 383 A. 2d 189 (1978).

Rather, to set aside an award the court must find fraud, misconduct, corruption, or similar irregularity, leading to an unjust or unconscionable result: Runewicz v. Keystone Insurance Co., supra; Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A. 2d 585 (1973); Harwitz v. Selas Corp. of America, 406 Pa. 539, 106 A. 2d 617 (1962).

Furthermore, to prevail on this ground, the appealing party must show actual fraud, involving collusion with one of the parties, or misconduct intended to create a fraudulent result: Allstate Insurance Co. v. Fioravanti, supra, 451 Pa. at 115.

An argument that the arbitrators were prejudicial or partial, or that they should, in fact, have granted defendant a continuance based on defendant-counsel's assertions that he was busily engaged in a murder trial on a change of venue

application in another county immediately before the scheduled date for trial, will not be heeded.

Similarly, an "irregularity" will not be found simply upon a showing that an incorrect result was reached: Press v. Maryland Casualty Co., 227 Pa. Superior Ct. 537, 324 A. 2d 403 (1974).

It is indisputable that even in the absence of fraud or misconduct, as those terms have been defined in Runewicz v. Keystone Insurance Co., supra, a court may set aside an arbitration award if the parties were not accorded a fair hearing: Smaligo v. Fireman's Fund Insurance Co., 432 Pa. 133, 247 A. 2d 577 (1968); Harwitz v. Selas Corp. of America, supra; Newspaper Guild of Greater Phila. v. Philadelphia Daily News, Inc., 401 Pa. 337, 164 A. 2d 215 (1960). Thus, in Smaligo, the Supreme Court set aside an award because the panel had refused plaintiff in a personal injury action an opportunity to present testimony on her lost future earnings.

Here, however, we conclude that due process was not denied in the arbitrators' determination to deny defendant a continuance and to go on with the hearing. Defendant had proper notice of the scheduled date for hearing and an opportunity to be heard. These are essential elements of a fair hearing. We find no abuse of discretion on the part of the arbitrators in denying the continuance and insisting that the matter be heard ex parte.

It is well settled that a court should not and will not grant a new trial (or open a judgment or set aside an award) unless it is satisfied that some injustice has been done, or that a party has been prejudiced or injured: See 6A Standard Pa. Pract. §29.

Upon the granting of the award in plaintiffs'

favor, defendant's recourse was simple. The statutory requirements necessary to perfect an appeal from an award of arbitrators to the court of common pleas may be found in the Act of June 16, 1836, P.L. 715, as amended, 5 P.S. §71, which in its essentials reads as follows:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations, and restrictions, viz.: . . .

"II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action. . . .

"IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the date of the entry of the award of the arbitrators on the docket." [See now, Judicial Code, 42 Pa.C.S.A. §5571.] See D'Orazio v. Defeo, 54 D. & C. 2d 133 (1971).

For reasons of his own, defendant first saw fit to file a petition to open judgment, which judgment is nonexistent. The effect of the filing of an appeal on September 24, 1979, from the award which was entered on July 23, 1979, is not before this court at this time.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that defendant's rule to show cause is discharged, and the petition to open judgment is dismissed.